**Leonard Ray SHIPLEY, Petitioner,**

v.

**The PEOPLE of the State of
Colorado, Respondent.**

**No. 01SC83.**

Supreme Court of Colorado,
En Banc.

April 29, 2002.

As Modified on Denial of Rehearing
May 20, 2002.

Edward J. LaBarre, Colorado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Laurie A. Booras, First Assistant Attorney General, Denver, Colorado, for Respondent.

Justice COATS delivered the Opinion of the Court.

The defendant petitioned for review of the court of appeals' judgment upholding the trial court's refusal to reconsider his sentence. *See People v. Shipley,* 22 P.3d 564 (Colo.App. 2001). The trial court and court of appeals concluded that the special drug offender provision found at section 18–18–407, 8B C.R.S.

(Supp.1993), required a sentence to the custody of the department of corrections, to the exclusion of any alternative sentences authorized by section 16–11–101, 8A C.R.S. (Supp. 1993). We hold that section 18–18–407(1) mandates only the length of sentence which a special drug offender must receive, without altering the sentencing options otherwise within the court's discretion. Because the defendant's underlying conviction did not require a sentence to the department of corrections, the judgment is reversed and the case is remanded with directions to order that the defendant's motion be considered.

## I.

Following his arrest in August 1993, the defendant was convicted by a jury for possession of methamphetamine, a schedule II controlled substance (class 3 felony),[1] possession of a schedule II controlled substance with intent to distribute (class 3 felony),[2] and possession of an incendiary device (class 4 felony).[3] In addition, because numerous firearms were discovered during the raid of the defendant's house, even though he was not home at the time, he was adjudicated a "special offender" under the then existing version of section 18–18–407(1)(f)("The defendant used, displayed, possessed, or had available for use a deadly weapon . . .;"). The defendant was subsequently sentenced to twenty-four years in the custody of the department of corrections on the first count and to lesser concurrent sentences on the other counts.

In 1999, after the court of appeals' judgment affirming his convictions and sentence on direct appeal had become final, the defendant moved for a reduction of his sentence pursuant to Crim. P. 35(b). The sentencing court denied the motion on the grounds that it had no discretion to impose any sentence other than to the custody of the department of corrections in light of the defendant's special offender adjudication pursuant to section 18–18–407(1). The defendant subsequently appealed the denial of his motion, and the court of appeals affirmed.[4] We granted the defendant's petition for writ of certiorari to consider the question whether the special offender statute requires a sentence to imprisonment in the department of corrections, to the exclusion of other sentencing alternatives.[5]

## II.

 Subject to constitutional limitations not at issue here, it is the prerogative of the legislature to define crimes and prescribe punishments. *People v. Flenniken,* 749 P.2d 395, 398 (Colo.1988); *People v. Hinchman,* 196 Colo. 526, 530, 589 P.2d 917, 920 (1979). Courts therefore exercise discretion in sentencing only to the extent permitted by statute. The goal in interpreting a sentencing statute must be to effect the legislative intent. *See Reg'l Transp. Dist. v. Lopez,* 916 P.2d 1187, 1192 (Colo.1992); *Schubert v. People,* 698 P.2d 788, 793 (Colo.1985). If that intent is not clear from the language of the statute alone, or if the statute appears to conflict with other statutes, various intrinsic and extrinsic aids to statutory construction may resolve the ambiguity. § 2–4–203, 1 C.R.S. (2001); *Schubert,* 698 P.2d at 793–94. Particularly, when a statute is clearly part of a comprehensive regulatory scheme, the scheme should be construed to give consistent, harmonious, and sensible effect to all its parts. *Martin v. People,* 27 P.3d 846, 851 (Colo.2001); *N.A.H. v. S.L.S.,* 9 P.3d 354, 367 (Colo.2000); *Left Hand Ditch Co. v. Hill,* 933 P.2d 1, 3 (Colo.1997).

---

1. § 18–18–405(2)(a)(I), 8B C.R.S. (Supp.1993).

2. *Id.*

3. § 18–12–109(2), 6 C.R.S. (2000).

4. Although the court of appeals affirmed the sentencing court's order, the cause was remanded with direction to add one day to the twenty-four year sentence to comply with the requirement that the sentence be "greater" than the minimum of the presumptive range. § 18–18–407(1).

5. Our grant of certiorari was as follows:

 Whether the court of appeals erred in holding that a conviction under the Special Offender Statute, C.R.S. § 18–18–407(1)(f), requires a sentence of imprisonment only and does not allow for any sentencing alternatives, such as probation, community correction, or other sentencing alternatives, even if the offender is otherwise eligible for such alternative sentence.

The special offender provision of section 18–18–407 at issue here is potentially applicable, by its own terms, to any felony conviction under part 4, article 18, title 18, which defines offenses involving controlled substances. The version of the statute in effect at the time of the defendant's 1993 crime required the court to sentence anyone convicted of a felony under part 4 who was also found to have committed one of the aggravating factors enumerated in the statute to "a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony." [6] § 18–18–407(1).

On its face, section 407 does not purport to deal with the nature of the required sentence or designate the official in whose custody it must be served. It merely requires a sentence to a term equal to a sentence in the aggravated range authorized for a class 2 felony. In doing so, however, the statute contains a clear, if implicit, reference to other provisions of a much broader sentencing scheme. Section 18–1–105 divides felonies into classes and distinguishes them from each other by authorizing specific ranges of penalties for each class. The penalties authorized for each class of felony are expressed in terms of dollar amounts of fines, specific numbers of years of mandatory parole, and presumptive ranges of years of "imprisonment." § 18–18–105(1)(a)(V).

The court of appeals found that the reference in the special offender statute to a "term" greater than the "presumptive range" for a class two felony was necessarily a reference to the penalty ranges of section 18–1–105(1)(a)(V)(A), and that in making that reference, the General Assembly intended not only to mandate a specific length of sentence but also to incorporate section 18–1–105's characterization of the term as "imprisonment." In addition, the appellate court found that the reference to section 18–1–105 in the special offender statute implicitly required the defendant's sentence to be served in the custody of the executive director of the Colorado Department of Corrections. It therefore concluded that section 18–18–407(1) forecloses a trial court's discretion to impose a fine or sentence a special drug offender to a community corrections program, home detention, or probation.

## A. "Imprisonment" Within the Meaning of Section 18–1–105

The word "imprisonment" is not expressly defined in the Criminal Code or the Criminal Procedure Code, but it generally connotes some kind of confinement or restraint of a person's liberty. *Black's Law Dictionary* 760 (7th ed.1999). As used in the statutes and case law of this jurisdiction, however, "imprisonment" is clearly not limited to confinement in a state penitentiary. *See, e.g.,* § 16–11–301(2)(allowing sentences to "imprisonment in a county jail" for certain young adults); § 18–1–106(1)("No term of imprisonment for conviction of a misdemeanor shall be served in any state correctional facility unless served concurrently with a term for conviction of a felony."); *People v. Green,* 734 P.2d 616, 618 (Colo.1987)(distinguishing imprisonment in state penitentiary from imprisonment in county jail); *People v. Gibson,* 623 P.2d 391, 393 (Colo.1981)(comparing sentences to imprisonment in the state reformatory with imprisonment in the state penitentiary). Imprisonment is listed among the sentencing alternatives available to courts in this jurisdiction generally, which at the time applicable to the defendant's crime also in-

---

**6.** The applicable version of the statute states in full:

> Upon a felony conviction under this part 4, the presence of any one or more of the following extraordinary aggravating circumstances designating the defendant a special offender shall require the court to sentence the defendant to a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such felony.

§ 18–18–407(1), 8B C.R.S. (Supp.1993).

Effective for offenses committed on or after July 1, 1997, the sentence required for special drug offenders was reduced to a "term of at least the minimum term of years within the presumptive range for a class 2 felony but not more than twice the maximum term of years within the presumptive range for a class 2 felony." Ch. 264, sec. 12, § 18–18–407(1), 1997 Colo. Sess. Laws 1539, 1545.

cluded probation, specialized restitution and community service, a fine, or compliance with any other court order authorized by law. *See* § 16–11–101, 8A C.R.S. (Supp.1993). "As a general rule, imprisonment for the conviction of a felony by an adult offender [is to] be served by confinement in an appropriate facility as determined by the executive director of the department of corrections," § 16–11–301(1); however, district courts are also given the express authority to "refer any offender convicted of a felony to a community corrections program unless such offender is required to be sentenced pursuant to section 16–11–309(1), C.R.S. [the crime of violence statute]." § 17–27–105, 6 C.R.S. (2001).

In *People v. Winters,* 765 P.2d 1010, 1012–13 (Colo.1988), this court considered the meaning of the synonymous term "incarceration," as it was used in the closely-related, mandatory sentencing statute for trafficking in large quantities of cocaine. *See* § 18–18–105(3), 8B C.R.S. (1986). We found the statutory language to be ambiguous with respect to the nature and place of confinement, despite an express provision excluding probation or suspension of sentence. *Winters,* 765 P.2d at 1012–13. Although we noted that the legislature had not generally used the terms "incarceration" or "imprisonment" with regard to community corrections programs, we nevertheless acknowledged certain statutory references suggesting that these terms may apply to placement or confinement in a community corrections setting. *Id.; see also People v. Saucedo,* 796 P.2d 11, 12 (Colo.App.1990)(finding term "incarceration" as used in section 18–1–105(9)(a) includes direct sentences to community corrections); *cf. People v. Hoecher,* 822 P.2d 8, 12 (Colo.1991)(finding that residential community corrections constitutes "confinement" for which defendant must receive credit against service of a sentence to imprisonment). Only by reference to the legislative history of that sentencing provision, disclosing "an unequiv-

ocal legislative intent that violators be sentenced to the custody of the Department of Corrections," *Winters,* 765 P.2d at 1013, were we able to resolve the ambiguity against authorizing a community corrections sentence for the sale of more than twenty-eight grams of cocaine.[7]

Unlike section 18–18–105 (now section 18–18–405), which expresses a legislative intention to enhance in a very specific way the sentences of a narrow group of drug crimes, section 18–1–105 classifies felonies in the jurisdiction generally and provides the mechanism for determining permissible sentences within each classification. The word "imprisonment" appears in section 18–1–105(1)(a)(V)(A) in prescribing the presumptive ranges of confinement authorized for each classification of felony and in distinguishing the authorized terms of confinement from terms of parole and amounts of fines. *See also* § 18–1–105(1)(b)(II)("[A] person may be sentenced to imprisonment ... or to pay a fine ... or to both...."). Section 18–1–105 is primarily concerned with ranges and amounts of penalties rather than with facilities, confining authorities, and sentencing alternatives.

If the use of the word "imprisonment" alone were intended to mandate a sentence to the department of corrections, it would be unnecessary to modify it with any other language of limitation. In the few situations in which the legislature has intended that a particular consequence apply only to a sentence to the department of corrections, however, it has made that clear by further including the phrase "in" or "to the department of corrections." *See, e.g.,* § 18–1–105(1)(a)(V)(D) ("The mandatory period of parole ... shall commence immediately upon the discharge of an offender from imprisonment *in the custody of the department of corrections.*")(emphasis added); *see also People v. Johnson,* 13 P.3d 309

---

**7.** In 1987, prior to our opinion in *Winters,* section 18–18–105(3) was amended to expressly require a sentence to the department of corrections:

> [A]ny person convicted pursuant to paragraph (a) of subsection (2) of this section ... shall be sentenced to the *department of corrections* for at least the minimum term of incarceration in

the presumptive range provided for such offense....

§ 18–18–105(3)(emphasis added).

In 1992, part 1, article 18, title 18 was repealed and reenacted in substantially the same terms as part 4, article 18, title 18, renumbering section 105 as section 405.

(Colo.2000)(holding that mandatory parole attaches only to a sentence to be served in the department of corrections and not to a sentence to be served in a community corrections facility).

The maximum and minimum sentences prescribed in section 18–1–105(1)(a)(V)(A) were clearly not intended to be sentences exclusively to the custody of the executive director of the department of corrections. Even the community corrections statute, itself, expressly authorizes sentences in terms of the "terms, lengths, and conditions pursuant to section 18–1–105, C.R.S." *See* § 17–27–105(1)(b), 6 C.R.S. (2001). The reference in any specific sentencing provision to the ranges authorized by § 18–1–105, without more, therefore does not prohibit a sentence to a community corrections program.

## B. Other Sentencing Alternatives

Quite apart from various sentences to confinement that may properly be considered imprisonment, the language of the special drug offender statute does not betray any intent to bar even those sentencing alternatives that have been distinguished from imprisonment. *See, e.g., People v. Flenniken,* 749 P.2d 395, 398 (Colo.1988)("Because the new sentencing scheme did not require that offenders be sentenced to imprisonment, it was unnecessary to grant judges authority to suspend the imposition or execution of such a sentence in order to place an offender on probation.") Section 18–18–407(1) makes no reference to "imprisonment," "incarceration," or confinement of any kind.[8] Unlike many of the other sentence enhancing-formulae used by the legislature, in which the presence of an aggravating factor elevates the classification of felony, *e.g.,* § 18–3–302, 6 C.R.S.

(2001)(second degree kidnapping becomes class 2 felony if victim was sexually assaulted), or specifically requires a sentence to incarceration, *e.g.,* § 18–4–202.1, 6 C.R.S. (2001)(habitual burglar offender "shall be sentenced to a term of incarceration"), or imprisonment, *e.g.,* § 16–13–101(2)(habitual criminal "shall be punished ... by imprisonment in a correctional facility"), or expressly excludes certain sentencing alternatives, *e.g.,* § 18–18–105 ("Any person who is subject to the provisions of this subsection (3) shall not be eligible for probation or suspension of sentence."), section 18–18–407 merely requires that an aggravated drug felon be sentenced to a "term" in the range that is authorized for an aggravated class 2 felony. In this regard, the formula employed by the General Assembly in section 407 is virtually without analog in the sentencing provisions of this jurisdiction.

In finding a legislative intent to incorporate not only the time period specified in section 18–1–105(1)(a)(V)(A), but also its reference to imprisonment, the court of appeals relied on two considerations. It relied in part on the absence of any language expressly limiting the reference to a period of time. Although not further defined by statute, the word "term" in common usage connotes merely "a limited or definite extent of time." *Merriam Webster's Collegiate Dictionary* 1216 (10th ed.1993). It is difficult to conceive of more appropriate language for the legislature to have used if its intent were merely to lengthen the sentence.[9] In addition, the court of appeals feared that such a limitation would contravene the clear legislative intent to more severely punish aggravated drug felonies. While the context makes clear the General Assembly's intent to enhance pun-

8. Effective for offenses committed on or after July 1, 2000, section 407(2)(a), which provides an additional enhancement for selling drugs within a certain proximity of schools and public housing, was amended by adding a reference to "any sentence to imprisonment required by subsection 1 of this section." Ch. 171, sec. 40, 52, § 18–18–407(2)(a), 2000 Colo. Sess. Laws 692, 708, 714. Although the context of the amendment suggests that it was included to clarify that the fine prescribed by section (2)(a) is in addition to the already enhanced length of any sentence to imprisonment required by section 405 rather than merely to the sentence to imprisonment required by section 405 itself, the 2000 amendment clearly does not apply to the defendant's crime, and we need not determine its effect, if any, on future applications of section 18–18–407(1).

9. It is noteworthy that when section 407(1) was amended effective July 1, 1997, *see supra* note 6, two of the three occurrences of the word "term" were modified to even more clearly refer to a "term of years." § 18–18–407(1), 6 C.R.S. (1997).

ishment based on the presence of an aggravating factor in section 407, that purpose is in no way contravened by merely increasing the length of the defendant's sentence. Nothing in the language suggests a legislative intent to change the nature of the sentence or otherwise restrict the discretion of a sentencing court, and unlike section 405, *see Winters*, no legislative history of section 407 similarly suggests such an intent.

Considering the context of the provision, it appears most likely that the legislature said precisely what it meant. At the time of the enactment, no further limitations were necessary to anticipate a sentence to the department of corrections for the vast majority of special drug offenders. Because the special offender statute was initially directed primarily at crimes involving large quantities of drugs or interstate trafficking, the crimes whose penalties were being enhanced typically already required substantial sentences, often expressly to the custody of the department of corrections. *See* §§ 18–18–105, – 107, C.R.S.1973 (Supp.1981). Even when it was enacted, however, the special drug offender provision was also potentially applicable to a number of less serious drug-related felonies. *See, e.g.,* § 12–22–315, C.R.S.1973 (obtaining prescription drugs by fraud or deceit). The number of aggravating factors and range of qualifying felonies has continued to expand. The special offender statute now enhances not only class 3 felonies that already require sentences to incarceration in the department of corrections, *see* § 18–18–405(3)(a), 6 C.R.S. (2001)(distribution of schedule I and II controlled substances), but also class 4 and 5 felonies without limitations on sentencing alternatives, *see, e.g.,* § 18–18–406 (fraudulently causing another to unknowingly consume controlled substance); § 18–18–408(a)(receiving proceeds derived from any conduct proscribed by the Controlled Substance Act); § 18–18–414(r)(knowingly omitting material information from required records by licensee); § 18–18–422, –423 (possession of imitation controlled substance). With such a wide disparity in the seriousness of the offenses and penalties being enhanced, it seems reasonable that the General Assembly intended merely to increase the length of the sentence already prescribed for each particular offense, rather than shifting discretion from the courts to the executive director of the department of corrections, regardless of the character and circumstances of the underlying offense.

■ Some aggravating circumstances may render certain sentencing alternatives statutorily unavailable. Other aggravating circumstances, as well as the mere length of an aggravated sentence, will undoubtedly make certain sentencing alternatives inappropriate. Nothing in the language of section 407 or the legislative history surrounding its passage or subsequent amendments makes available to the sentencing court any sentencing alternatives excluded by the defendant's underlying offense. Therefore, if the defendant's underlying offense requires a sentence to the custody of the department of corrections, an aggravated sentence pursuant to section 407 also requires a sentence to the department of corrections. Similarly, however, nothing in the statute forecloses consideration by the court of sentencing alternatives for which a defendant would otherwise be eligible. Accordingly, we hold that the special drug offender statute merely specifies the length of the sentence required for aggravated drug felonies.

### C. Application to the Defendant

■ At the time of the defendant's offense in August 1993, the special offender statute required a sentence to a term greater than the presumptive range for a class 2 felony, which was twenty-four years. At that time, however, possession with the intent to distribute methamphetamine, though a schedule II controlled substance and a class 3 felony, was not an offense requiring a sentence to the department of corrections to the exclusion of other sentencing alternatives. *See* § 18–18–405, 8B C.R.S. (Supp.1993)(limiting required sentencing to incarceration in the department of corrections to offenses involving more than twenty-eight grams of cocaine). Therefore both the trial court and the court of appeals misperceived the actual limits of the sentencing court's discretion.

■ Relief pursuant to Crim. P. 35(b) is discretionary, and the exercise of the sen-

tencing court's discretion is generally not subject to appeal. *Cf. Ghrist v. People*, 897 P.2d 809, 812 (Colo.1995). Here, however, because the sentencing court declined to entertain the defendant's motion and exercise its discretion for the reason that it erroneously considered itself bound to impose a sentence to the department of corrections by statute, the defendant's appeal was not barred. While nothing in this opinion suggests that the defendant is entitled to modification of his sentence, he is entitled to have his motion considered by the sentencing court under the correct construction of the controlling statute.

### III. Conclusion

Because section 18–18–407 does not require a sentence to the custody of the department of corrections for the drug felony of which the defendant was convicted, the sentencing court was mistaken in believing that it lacked discretion to modify the defendant's sentence pursuant to Crim. P. 35(b). The judgment of the court of appeals is reversed and remanded with directions to order reconsideration of the defendant's motion.