**Sireino Joe MARTINEZ, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

No. 01SC824.

Supreme Court of Colorado, En Banc.

May 27, 2003.

Marcia Wade, Boulder, Colorado, Attorney for Petitioner.

Ken Salazar, Attorney General, Wendy J. Ritz, Assistant Attorney General, Evan W. Jones, Assistant Attorney General, Appellate Division, Criminal Justice Section, Denver, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

The defendant petitioned for review of the court of appeals' order requiring that he be resentenced to a term of incarceration not less than twenty-four nor more than forty-eight years. *See People v. Martinez,* 51 P.3d 1029 (Colo.App.2001). Following the defendant's conviction for possession of cocaine, as both a special drug offender and an habitual criminal, the district court sentenced him to incarceration for ninety-six years. Although the court of appeals vacated that sentence, finding it to be the result of an erroneous construction of the special drug offender statute, it nevertheless held that the sentence enhancement provisions of the special drug offender and habitual criminal statutes could be harmonized and given practical effect by applying each to the defendant's underlying conviction, separately.

We affirm in part and reverse in part, with directions to remand for resentencing to a term of incarceration that is greater than twenty-four years but no greater than forty-eight years.

## I.

Following the June 18, 1997 search of an apartment in which the defendant was staying, he was convicted of possessing drug paraphernalia and less than an ounce of cocaine. By special interrogatory, the jury also found that he possessed or had available for use a deadly weapon, a special drug offender condition; and in a subsequent habitual criminal proceeding, the trial court found that he had been convicted of four prior (non-drug-related) felonies. The trial court sentenced the defendant to ninety-six years incarceration, making clear that it considered that sentence to be mandated by statute. The trial court reasoned that the habitual criminal statute[1] required a sen-

---

1. *See* § 18–1.3–801, 6 C.R.S. (2002) (formerly § 16–13–101).

tence of four times the maximum sentence in the presumptive range for the class of felony of which the defendant was convicted, and that the special drug offender statute [2] elevated the defendant's conviction for possession of cocaine from a class 4 to a class 2 felony, with a maximum presumptive sentence of twenty-four years.

On direct appeal, the court of appeals upheld the defendant's convictions but reversed his ninety-six-year sentence. It remanded for resentencing to a term of incarceration not less than twenty-four years nor more than forty-eight years. Unlike the trial court, the appellate court held that although the jury's special drug offender finding required the defendant to be sentenced to a term of years within the presumptive or aggravated ranges for a class 2 felony, it did not actually require reclassification of the drug offense of which the defendant was convicted. Because simple possession of less than one ounce of a schedule II controlled substance (including cocaine) is classified a class 4 felony,[3] with a six-year maximum presumptive range sentence,[4] the court of appeals found that the sentence prescribed by the habitual criminal statute was only twenty-four years.

Holding, however, that the special drug offender statute separately requires an enhanced sentence for possession if the defendant had available a deadly weapon, the appellate court applied both sentence enhancement provisions. Construed as increasing the mandatory sentence for the defendant's drug offense, without actually reclassifying it, the special drug offender statute mandated a sentence exceeding that required for an habitual criminal committing the same underlying drug offense. In order to give effect to both provisions, the court of appeals held that the habitual criminal statute prescribed only the minimum sentence to which the defendant was subject for his offense and that he could be sentenced to any greater term within the range required by the special drug offender provision. It therefore remanded for re-

sentencing to a term of incarceration no less than twenty-four nor more than forty-eight years.

The defendant petitioned for a writ of certiorari, seeking review of his convictions and sentence. We granted a writ to review his sentence only.

## II.

 Subject to constitutional limitations not at issue here, it is the prerogative of the legislature to define crimes and prescribe punishments. *Shipley v. People,* 45 P.3d 1277, 1278 (Colo.2002); *People v. Flenniken,* 749 P.2d 395, 398 (Colo.1988); *People v. Hinchman,* 196 Colo. 526, 530, 589 P.2d 917, 920 (1979). Courts therefore exercise discretion in sentencing only to the extent permitted by statute. The goal in interpreting a sentencing statute must be to effect the legislative intent. *See People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000); *Schubert v. People,* 698 P.2d 788, 793 (Colo.1985). If that intent is not clear from the language of the statute alone, or if the statute appears to conflict with other statutes, various intrinsic and extrinsic aids to statutory construction may resolve the ambiguity. § 2–4–203, 1 C.R.S. (2002); *Shipley,* 45 P.3d at 1278; *Schubert,* 698 P.2d at 793–94. Particularly, when a statute is clearly part of a comprehensive regulatory scheme, the scheme should be construed to give consistent, harmonious, and sensible effect to all its parts. *Martin v. People,* 27 P.3d 846, 851 (Colo.2001); *N.A.H. v. S.L.S.,* 9 P.3d 354, 367 (Colo.2000); *Left Hand Ditch Co. v. Hill,* 933 P.2d 1, 3 (Colo. 1997).

Felony sentencing in this jurisdiction is largely dictated by a complex scheme of interlocking statutes, premised upon the segregation of felony offenses into six levels or classes, each with its own presumptive sentencing range. *See* § 18–1.3–401, 6 C.R.S. (2002) (formerly § 18–1–105). Under various circumstances, courts are permitted to sentence convicted felons in a mitigated range, as little as half the minimum presumptive sentence, or in an aggravated

---

**2.** *See* § 18–18–407, 6 C.R.S. (2002).

**3.** *See* § 18–18–405(2)(a)(I), 6 C.R.S. (2002).

**4.** *See* § 18–1.3–401(1)(a)(V)(A), 6 C.R.S. (2002).

range, as great as twice the maximum presumptive sentence. § 18–1.3–401(6). Likewise, under various circumstances, courts may be limited to specified portions of the statutorily prescribed range for a given class of felony. *See, e.g.,* § 18–1.3–401(9)(a). Colorado has also long enhanced the sentences for felony offenses committed by defendants found to be habitual criminals. *See* § 18–1.3–801, 6 C.R.S. (2002) (formerly § 16–13–101); *see also Bernard v. Tinsley,* 144 Colo. 244, 355 P.2d 1098 (1960); *Vigil v. People,* 137 Colo. 161, 322 P.2d 320 (1958); *Wright v. People,* 116 Colo. 306, 181 P.2d 447 (1947) (referring to 35 C.S.A. Supp., c. 48, § 555(1), the predecessor to § 18–1.3–801). For the first time, in 1993 the legislature amended the scheme by replacing the extremely long sentences, including life imprisonment, that were automatically required for habitual criminals, with sentences related to the defendant's current offense as a multiple of its maximum presumptive sentence. *See* ch. 322, sec. 1, § 16–13–101, 1993 Colo. Sess. Laws 1975, 1975–76; *see also People v. Deroulet,* 48 P.3d 520, 525–26 (Colo.2002).

The statutory scheme classifies felony offenses involving controlled substances according to a variety of factors, including the type and amount of the drug involved, the defendant's conduct and intent with regard to that drug, and the defendant's prior history of drug-related convictions. *See* § 18–18–405, 6 C.R.S. (2002). The legislature additionally has required enhanced punishments for felonies involving controlled substances that are committed in particularly aggravated ways or by individuals with particularly aggravated drug histories, making them worthy of designation as "special offenders." *See* § 18–18–407, 6 C.R.S. (2002). On its face, the version of the special drug offender statute in effect at the time of the defendant's offense required the court to sentence anyone convicted of a drug felony and found to have committed one of the aggravating factors enumerated in the statute, to "a term greater than the presumptive range for a class 2 felony but not more than twice the maximum term for a class 2 felony authorized in the presumptive range for the punishment of such a felony." § 18–18–407(1), 8B C.R.S. (Supp.1996).

This court has previously considered the special drug offender statute at length and noted the differences between its sentence-enhancing formula and virtually all other enhancement provisions in this jurisdiction. *See Shipley v. People,* 45 P.3d 1277 (Colo.2002). Unlike those enhancement provisions in which the language of the statute makes clear that an aggravating factor elevates the classification of the underlying felony, *see, e.g.,* § 18–3–302(3)(a), 6 C.R.S. (2002) (second degree kidnapping becomes class 2 felony if victim was sexually assaulted), or specifically requires a sentence to incarceration, *see, e.g.,* § 18–1.3–804(1), 6 C.R.S. (2002) (habitual burglar offender "shall be sentenced to a term of incarceration"), or imprisonment, *see, e.g.,* § 18–1.3–801(2) (habitual criminal "shall be punished ... by imprisonment in a correctional facility"), or limits specific sentencing options like probation, *see, e.g.,* § 18–8–208(9), 6 C.R.S. (2002) ("The minimum sentences ... for [escape] shall be mandatory, and the court shall not grant probation or a suspended sentence ...."), the language of the special drug offender statute does no more than extend the length of the sentence required for drug felonies. *Shipley,* 45 P.3d at 1281–82. Because the formula chosen by the legislature for habitual criminal sentencing is defined in terms of the felony classification of a defendant's current conviction, rather than the length of the sentence that would otherwise be required for his conviction, aggravating circumstances that do not actually alter the felony classification, like the special drug offender conditions, have no effect on an habitual criminal sentence for that offense.

Although the special drug offender statute does not reclassify the defendant's underlying conviction, it does require an enhanced sentence as a result of the defendant's special drug offender status. *Vega v. People,* 893 P.2d 107, 112 (Colo.1995). In effect, by using a formula that increases the length of a sentence without reclassifying the offense for which it is imposed, the legislature has required the application of two different sentence-enhancing provisions when the special offender is also an habitual criminal, independently mandating sentence enhancements for

different aggravating circumstances. Neither provision purports to limit the effect of additional aggravation or to place an upper limit on the ultimate sentence for a defendant to whom its provisions apply. *See People v. Apodaca,* 58 P.3d 1126, 1131 (Colo.App. 2002), *cert. denied* (rejecting an·interpretation of the habitual criminal sentencing statute "as establishing the maximum possible sentence where the defendant is also subject to sentencing under a second statute authorizing a greater maximum sentence.").

■■■ In the absence of any clear intent to the contrary, statutes that are part of a single scheme or that deal with the same subject should be construed harmoniously, to avoid absurdities. *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002); *Martin,* 27 P.3d at 851; *Walgreen v. Charnes,* 819 P.2d 1039, 1043 (Colo.1991) (recognizing that statutes "pertaining to the same subject matter are to be construed in pari materia to ascertain legislative intent and to avoid inconsistencies and absurdities."). The legislature is presumed to intend that the various parts of a comprehensive scheme are consistent with and apply to each other, without having to incorporate each by express reference in the other statutory provisions. *See generally* 2B Norman J. Singer, *Sutherland Statutory Construction,* § 51.02, at 188 (6th ed. 2000) ("Provisions in one act which are omitted in another on the same subject matter will be applied when the purposes of the two acts are consistent."). The language "shall require," with regard to a sentence of a particular length in the special drug offender statute, *see* § 18–18–407(1), 8B C.R.S. (Supp. 1996), and "shall be punished," with regard to a sentence of a particular length in the habitual criminal statute, *see* § 16–13–101(2), 8A C.R.S. (Supp.1996), therefore should be understood as referring to the sentence required by the particular aggravating circumstance considered in that section.

Neither these terms nor anything else in the statutory scheme suggests an intent to relieve a defendant of liability for additional aggravation. To hold otherwise would lead to an absurd result by thwarting an obvious legislative intent to enhance sentences for a number of unrelated reasons. Moreover, it would inject a kind of gamesmanship into criminal proceedings by requiring prosecutors to compare the ultimate sustainability of multiple aggravating factors and choose among them, rather than proceeding on the merits of each. *Cf. People v. Lowe,* 660 P.2d 1261, 1271 (Colo.1983) (finding that prosecution should be permitted to proceed to jury findings on multiple theories of first-degree murder of the same victim, even though defendant may be convicted of only one first-degree murder).

## III.

### A. Habitual Criminal Sentence

■■■ Martinez was convicted of possessing less than an ounce of cocaine, a class 4 felony with a maximum presumptive sentence of six years. § 18–18–405(2)(a)(I), 8B C.R.S. (Supp. 1996); § 18–1–105(1)(a)(V)(A), 8B C.R.S. (Supp.1996). In the subsequent habitual criminal sentencing proceeding, the court found that the prosecution proved four prior felony convictions, requiring a sentence four times the maximum presumptive sentence for his possession conviction. *See* § 16–13–101(2), 8A C.R.S. (Supp.1996). The habitual criminal statute therefore required that Martinez be sentenced to twenty-four years incarceration for committing a class 4 felony after at least three qualifying felony convictions.

### B. Special Drug Offender Sentence

■■■ Regardless of the classification of the defendant's underlying felony, his adjudication as a special drug offender for an offense committed before July 1, 1997, required that he be sentenced to a term in the aggravated range for a class 2 felony—a term *greater than* twenty-four years but no greater than forty-eight years. § 18–18–407(1), 8B C.R.S. (Supp.1996); § 18–1–105(1)(a)(V)(A), 8B C.R.S. (Supp.1996). Had the defendant committed his offense several weeks later, the special drug offender statute would have required "a term of at least the minimum term of years within the presumptive range for a class 2 felony but not more than twice the maximum term of years within the presumptive range for a class 2 felony,"

*see* § 18-18-407(1), 6 C.R.S. (1997) (effective July 1, 1997)—a term that could be as little as eight years. § 18-1-105(1)(a)(V)(A), 6 C.R.S. (1997). By erroneously considering the amended version of the statute to be applicable, the court of appeals was apparently mislead into believing that the minimum available sentence was dictated by the habitual criminal sentence rather than the special drug offender statute.

Because the permissible range for a class 2 felony, at the time applicable to the defendant's offense, was actually greater (by one day) than the twenty-four-year sentence required by the habitual criminal statute, the length of the defendant's permissible sentence was not further limited by his habitual criminal status. However, because the defendant's habitual criminal status requires a sentence to incarceration, *see* § 16-13-101(2), 8A C.R.S. (Supp.1996), while the special drug offender statute merely increases the length of the defendant's sentence for possession of less than an ounce of cocaine, *see Shipley*, 45 P.3d at 1282, the defendant's adjudication as an habitual criminal may very well limit, in other ways, the court's sentencing options.

## IV.

The order of the court of appeals is therefore affirmed in part and reversed in part, with directions to remand for resentencing to a term of incarceration that is greater than twenty-four years but no greater than forty-eight years.