In re Percy L. CHISM, Plaintiff,

v.

The PEOPLE of the State of
Colorado, Defendant.

No. 03SA226.

Supreme Court of Colorado,
En Banc.

Dec. 8, 2003.

David S. Kaplan, Colorado State Public Defender, Rex G. Hegyi, Deputy State Public Defender, Golden, Colorado, Attorneys for Petitioner.

David J. Thomas, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado, Attorneys for Respondent.

Justice COATS delivered the Opinion of the Court.

Percy Chism petitioned this court pursuant to C.A.R. 21 for relief from the trial court's determination that he was not eligible for probation. Although the prosecution initially recommended waiver of the statutory prohibition against granting probation to defendants with two prior felony convictions, the trial court found that the prohibition could not be waived for defendants like Chism, with a prior violent felony conviction. We issued a rule to show cause. Because the trial court misconstrued the statutory scheme to bar any waiver in Chism's case, we now make the rule absolute.

## I.

On April 17, 2003, Percy Chism pleaded guilty to Attempted Possession of a Schedule II Controlled Substance, pursuant to a plea agreement. As part of the agreement, the prosecutor made a sentence concession, recommending a waiver of any restriction on Chism's eligibility for probation resulting from his prior convictions for trespass and burglary. Prior to sentencing, the probation department objected that section 18–1.3–201(4)(a)(II) of the revised statutes prohibited any waiver of the bar to probation for defendants with two prior felony convictions, unless the prior convictions were for nonviolent felonies within the meaning of the statute, which did not include burglary. Although the district court made clear its inclination to grant probation, it agreed with the department's understanding of the statutory scheme. However, it continued the defendant's sentencing to permit his petition for extraordinary relief to this court.

## II.

Exercise of the supreme court's original jurisdiction is entirely within its discretion. *In re People v. Lee,* 18 P.3d 192, 194 (Colo.2001). Relief pursuant to C.A.R. 21 is appropriate to remedy a lower court's abuse of discretion where appellate review would be inadequate. *Id.* We have previously recognized that a court's failure to exercise its discretion as the result of an erroneous construction of statutory restrictions is tantamount to an abuse of discretion. *See Shipley v. People,* 45 P.3d 1277, 1283 (Colo.2002) (refusal to entertain Crim. P. 35(b) motion under mistaken belief that other sentencing options, like probation, were prohibited by statute); *DeLong v. Trujillo,* 25 P.3d 1194 (Colo.2001) (review for abuse of discretion requires determination whether applicable law has been misconstrued or misapplied). Because the district court's ruling leaves the defendant with no options but to withdraw his plea or face a prison sentence, and the issue upon which the district court ruled presents a glaring problem that has remained resistant to review through the normal appellate process during the eight years since passage of the applicable statute, we consider it appropriate to exercise our original jurisdiction.

## III.

As a sentencing alternative, probation is a creature of statute and its terms must be derived from statute. *People v. Gore,* 774 P.2d 877, 879 (Colo.1989). The statutory scheme makes defendants with two prior felony convictions ineligible to apply for probation. § 18–1.3–201(2), 6 C.R.S. (2002). At least until the passage of HB95–1352, 1995 Colo. Sess. Laws 243, however, it also permitted this prohibition to be waived, for felonies of any kind, upon recommendation of the prosecutor and approval of the court. *See* § 16–11–201(4), 6 C.R.S. (1990). Although redesignated and slightly amended, section 201(4) has never been expressly repealed or limited, *see* 18–1.3–201(4)(a)(I), 6 C.R.S. (2003), and on its face, clearly permits probation for those with the defendant's prior convictions.

In 1995, the legislature enacted HB95–1352, a lengthy Act concerned primarily with department of corrections facilities and bed space. Among other things, the Act identified a class of nonviolent felony offenders who might otherwise be imprisoned in de-

partment of corrections facilities, and it encouraged the use of sentencing alternatives such as home detention, special restitution and community service, and intensive supervision parole for this class of offenders. *See* HB95–1352, Ch. 243, Sec. 12, § 16–11–213, Sec. 13, § 17–27–105, Sec. 17, § 16–11–101 (1995). It also added new provisions making clear that these nonviolent offenders would be eligible to apply for probation, *Id.* at Sec. 17, § 16–11–201(1)(b), and that the two-felony rule could be waived for them under prescribed circumstances. *Id.* at § 16–11–201(4)(a)(II).

The added provision for waiver of the two-felony rule tracked the existing waiver provision but included additional restrictions on the prior felony convictions that could be waived. *See* § 18–1.3–201(4)(a)(II), 6 C.R.S. (2003).[1] Significantly, the new provision did not purport to limit waiver of the two-felony rule to the nonviolent offenders that it described, nor even to make this section the exclusive authority for waiver of the two-felony rule for nonviolent offenders. The plain language of the section did nothing more than permit waiver of the two-felony rule under specified circumstances. The legislature took pains not to repeal, even implicitly, the existing waiver provision, simultaneously amending and redesignating it subsection (4)(a)(I), in the same Act. *See* HB95–1352, Ch. 243, Sec. 18, § 16–11–201(4)(a)(I) (1995).

■ Statutory language allowing action under certain conditions may, but need not always, imply a prohibition against that action except under those conditions. 2A Norman J. Singer, Statutes and Statutory Construction § 47:23 (6th ed., rev.2000). To

interpret section (4)(a)(II) as prescribing the exclusive conditions for waiver of the two-felony rule would repeal by implication section (4)(a)(I), which clearly permits a broader class of waivers. Constructions that work a repeal by implication are not favored unless unavoidable. *People v. James,* 178 Colo. 401, 497 P.2d 1256, 1257 (1972). Not only is a repealing construction avoidable in this case, but because both provisions were enacted in the same bill and treat the same subject, accepted rules of construction actually require them to be construed harmoniously if possible. *Martinez v. People,* 69 P.3d 1029, 1033 (Colo.2003); *Walgreen v. Charnes,* 819 P.2d 1039, 1043 (Colo.1991).

Even construing section (4)(a)(II) as providing the exclusive conditions for waiver of the two-felony rule only for nonviolent offenders would lead to the absurd result that the limitations on waiver would be more burdensome for nonviolent than for violent offenders. This was clearly not a result intended by the General Assembly in enacting HB95–1352, and in any event, construing the words of both sections as permissive only, precisely as written, leads to no irreconcilable conflict.

■ Although constructions that render statutory provisions superfluous, or insignificant should also be avoided wherever possible, *People v. Trupp,* 51 P.3d 985, 988 (Colo. 2002), such nullifying constructions may be unavoidable if a provision is an obvious mistake or error. *In re S.J.C.,* 776 P.2d 1103 (Colo.1989); *see generally* Singer, *supra* at 181–190. To the extent that virtually every felony offender made eligible for waiver of the two-felony rule by subsection (4)(a)(II)

1. Section 18–1.3–201(4)(a)(I) states:

The restrictions upon eligibility for probation in subsection (2) of this section may be waived by the sentencing court regarding a particular defendant upon recommendation of the district attorney approved by an order of the sentencing court.

Section 18–1.3–201(4)(a)(II) states:

The restrictions upon eligibility for probation in subsection (2) of this section may be waived upon a recommendation of the district attorney approved by an order of the sentencing court after a showing that the defendant is a nonviolent offender, as defined in section 18–1.3–104(1)(b.5)(II)(B), and that any prior felo-

ny conviction for the defendant was not for a crime of violence, as defined in section 18–1.3–406(2), one of the felonies set forth in section 18–3–104, 18–4–203, 18–4–301, of 18–4–401(2)(c), (2)(d), or (5), or a felony offense committed against a child as set forth in articles 3, 6, and 7 of this title, or under the laws of another state or the United States that, if committed in this state, would be a crime of violence, manslaughter, second degree burglary, robbery, theft of property worth five hundred dollars or more, theft from the person of another by means other that the use of force, threat, or intimidation, or a felony offense committed against a child.

would already have been eligible by subsection (4)(a)(I) unless it was repealed by implication, the General Assembly seems to have simply misperceived the need for the newer provision. Along with section 201(1)(b), expressly making nonviolent offenders eligible for probation, subsection (4)(a)(II) appears to be largely overlapping, duplicative, and unnecessary. However, in light of the entire bill with which it was enacted, whose clear and overarching purpose was to increase prison bed space, it is not at all unreasonable to ascribe to the legislature an intent to ensure the availability of a range of sentencing alternatives for nonviolent offenders who might otherwise be incarcerated in prison, whether or not some of those alternatives may have already been available.

## IV.

The district court therefore was mistaken in believing that the two-felony restriction on probation could not be waived in the defendant's case. The rule is therefore made absolute, and the matter is remanded for sentencing.