**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Eddie BUTLER, Defendant–Appellant.**

No. 07CA0537.

Colorado Court of Appeals, Div. I.

July 9, 2009.

John W. Suthers, Attorney General, Jennifer L. Ward, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Nathaniel E. Deakins, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Eddie Butler, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession of one gram or less of a schedule one controlled substance (ecstasy) and finding that he was a special offender because he possessed a firearm during the commission of the offense. He also challenges the mandatory parole period of his sentence. We affirm his conviction, vacate the sentence in part, and remand to the trial court to correct his mandatory parole period.

He argues (a) that the conviction on the special offender count should be vacated because the trial court abused its discretion in allowing the prosecution to add the charge over his allegations of vindictive prosecution, for which the trial court denied his motion for discovery, (b) that his conviction should be reversed because he was deprived of a fair trial, and (c) that even if we affirm his conviction and sentence, the trial court erred in imposing a five-year mandatory parole period.

## I. Background

On November 22, 2004, Butler's vehicle was stopped by Denver police officers and he was arrested on an outstanding warrant for the murder of a police officer's son. Butler disclosed to the police officers that he had a gun, which the officers retrieved after he was handcuffed. He was then patted down and no other weapons or contraband was discovered.

At the police station, four ecstasy pills were found inside the jacket Butler was wearing. Two days later, Butler was charged with possession of a controlled substance. At trial, Butler's roommate testified that he owned the jacket that Butler wore when he was arrested, and that the ecstasy pills belonged to him.

At Butler's request, this case trailed the trial in the murder case. After he was acquitted in the murder case, the trial court allowed the prosecution to amend the information in this case to add the special offender charge, over Butler's objection. At the same time, Butler moved for discovery, alleging that the special offender charge was added in retaliation for his acquittal in the murder case and thus was vindictive prosecution. The trial court denied Butler's discovery motion, concluding that Butler had not sufficiently alleged vindictive prosecution.

In another pretrial ruling, the trial court determined that it would exclude evidence that the arrest warrant for Butler was issued on charges of murder.

In December 2006, a jury convicted Butler of possession of less than one gram of ecstasy and found that he had violated the special offender statute because he was carrying a handgun while he possessed the ecstasy. He was sentenced to eight years in the Department of Corrections (DOC) and five years of mandatory parole.

Butler appeals his conviction and sentence.

## II. Vindictive Prosecution

Butler contends that the trial court (a) abused its discretion in allowing the prosecution to add the special offender count after the acquittal in his murder trial because he made a sufficient showing of vindictive prosecution, and (b) abused its discretion in denying his motion for discovery on this claim. We disagree.

■ A prosecutor has "wide discretion in determining who to prosecute for criminal activity and on what charge." *People v. Kurz*, 847 P.2d 194, 196 (Colo.App.1992). However, that discretion is not unlimited. *Bordenkircher v. Hayes*, 434 U.S. 357, 365, 98 S.Ct. 663, 669, 54 L.Ed.2d 604 (1978). Vindictive prosecution that penalizes a defendant for exercising his or her constitutional rights is a denial of due process. *People v. Ivery*, 44 Colo.App. 511, 513, 615 P.2d 80, 82 (1980). " 'Prosecutorial vindictiveness' is the impermissible selection of which charge to prosecute based on malicious motive or bad faith of prosecution." 14 Robert J. Dieter, *Colo. Prac., Criminal Practice & Procedure* § 2.141 (2d ed.2004).

In *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), the Supreme Court held that the prosecution's retaliation against a defendant who exercised his statutory right to a trial de novo "by substituting a more serious charge for the original one" at the second trial was presumptively vindictive. 417 U.S. at 28, 94 S.Ct. at 2102. In *United States v. Goodwin*, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), however, the Court refused to extend the presumption of vindictiveness to a pretrial setting, and instead required a defendant to show the prosecution had a vindictive motive.

### A. Motion for Discovery

■ Whether a defendant is entitled to discovery to support a defense of vindictive prosecution is an issue of first impression in Colorado. Colorado courts have addressed vindictive prosecution, or prosecutorial bad faith, but not in the context of a defendant's request for discovery based on allegations of vindictive prosecution. *See Hampton v. Dist. Court*, 199 Colo. 104, 605 P.2d 54 (1980) (defendant made prima facie claim of prosecutorial bad faith); *People v. Williams*, 916 P.2d 624 (Colo.App.1996) (prosecutor's decision to file habitual criminal counts at second trial was not prosecutorial vindictiveness); *People v. Talley*, 677 P.2d 394 (Colo.App. 1983) (defendant did not allege prima facie claim of prosecutorial bad faith); *Clary v. County Court*, 651 P.2d 908, 909–10 (Colo. App.1982) (based on defendant's allegations of prosecutorial vindictiveness, he was allowed to call the prosecuting attorney as a witness to prove such allegations).

■ Based on federal cases, we conclude that a trial court's denial of discovery on a claim of vindictive prosecution should be reviewed for abuse of discretion. *See, e.g., United States v. Sanders*, 211 F.3d 711, 717 (2d Cir.2000).

To assist them in proving vindictive prosecution, defendants in some cases have sought to obtain relevant discovery from the prosecution. At issue here is what threshold showing of vindictive prosecution is necessary to enable a defendant to obtain such discovery. We conclude that this threshold is necessarily lower than the quantum of evidence needed to establish a claim of vindictive prosecution, but that a defendant must present more than conclusory allegations to meet this threshold.

The division in *People v. Valencia–Alvarez*, 101 P.3d 1112, 1116 (Colo.App.2004), held that a defendant must provide some credible evidence tending to show the existence of both discriminatory effect and discriminatory

intent in order to obtain discovery on a selective prosecution claim.[1] That division relied upon federal case law, including *United States v. Armstrong,* 517 U.S. 456, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996).

■ We find the analysis in *Valencia–Alvarez* instructive for the issue before us.

■ Accordingly, we conclude that a defendant must provide some credible evidence tending to show the existence of the essential elements of a vindictive prosecution defense in order to obtain discovery from the prosecution on this issue. *Accord Sanders,* 211 F.3d at 717 (adopting vindictive prosecution discovery standard from selective prosecution discovery standard and concluding that a defendant must provide some evidence of essential elements of vindictive prosecution to obtain discovery); *United States v. Heidecke,* 900 F.2d 1155, 1159 (7th Cir.1990) (same); *United States v. Adams,* 870 F.2d 1140, 1146 (6th Cir.1989) (same); *cf. Armstrong,* 517 U.S. at 468, 116 S.Ct. at 1488 (providing discovery standard on selective prosecution claim).

■ The *some credible evidence* standard for obtaining discovery on a claim of selective or vindictive prosecution is "rigorous." *Armstrong,* 517 U.S. at 465, 116 S.Ct. at 1486. This is so because courts should be hesitant to second guess a prosecutor's charging decisions, the basis for prosecutions, or the prosecutor's motives because such inquiry may delay criminal proceedings and threaten to chill law enforcement. *Id.* Requiring a rigorous showing of some credible evidence "balances the Government's interest in vigorous prosecution and the defendant's interest in avoiding selective prosecution." *Id.* at 470, 116 S.Ct. at 1489.

Although the standard is rigorous, as is the case with claims of selective prosecution, this threshold showing to obtain a discovery order is less than that required to establish a prima facie claim of vindictive prosecution. *See Valencia–Alvarez,* 101 P.3d at 1116 (discovery standard for selective prosecution claim is less than prima facie case of selective enforcement); *cf. United States v. Alameh,* 341 F.3d 167, 174 (2d Cir.2003) (discovery for selective prosecution is lesser standard than that for the merits).

Accordingly, we must determine whether Butler produced *some credible evidence* of vindictive prosecution—that is, evidence of a genuine animus motivating the prosecution to retaliate against him—to justify additional discovery. *See Sanders,* 211 F.3d at 717–18. The mere possibility that an animus might exist is not enough. *Id.* In addition, a "defendant's claim of vindictive prosecution must rise beyond the level of unsupported allegations." *Heidecke,* 900 F.2d at 1159.

Butler's discovery motion sought to obtain:

all referrals [to the] Denver District Attorney's Office by the Denver Police Department where the allegation was that an individual possessed a controlled substance and a deadly weapon. Included in this request is all the information concerning the charging decisions, any plea bargain offers and any resolution of the case. Also included in this request is information concerning the race of the defendant.

Butler alleged selective and vindictive prosecution in his objection to the prosecution's motion to amend the information.[2] Butler argued that after he and his codefendant were acquitted on the murder charges, the prosecution retaliated by moving to amend the charge in this case to include a special offender count. He maintained that because he exercised his Sixth Amendment right to go to trial in the murder case, in which he was charged with murder of a police officer's son, the prosecutor was attempting to punish him "for a murder in which a jury unanimously voted to acquit."

**1.** Selective prosecution is a claim that the prosecutor has brought a criminal charge for a forbidden reason, such as race or religion, that violates equal protection. *United States v. Armstrong,* 517 U.S. 456, 463–64, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996); *see also People v. Gallegos,* 226 P.3d 1112, 1117 (Colo.App.2009) (2009 WL 399766, at *5) (citing *Armstrong* ).

**2.** Butler limited his appeal to vindictive prosecution only; he does not argue error in the trial court's discovery ruling on the selective prosecution issue.

As evidence of the vindictive animus, he asserts that the prosecution refused to offer him a plea bargain.

In *Adams,* the defendants supported their motion for discovery with affidavits of two federal officials. 870 F.2d at 1146. One suggested that the agency's motive for seeking prosecution was revenge; the other stated that criminal proceedings of the type at issue were not ordinarily prosecuted. *Id.* The court reasoned that "[i]t is hard to see, indeed, how the defendants could have gone much farther than they did without the benefit of discovery on the process through which this prosecution was initiated." *Id.* It remanded the case to the trial court to allow the defendants limited discovery of whether there was an improper motive "to institute a prosecution that would not otherwise have been undertaken." *Id.*

Here, Butler did not submit affidavits from anyone, including criminal defense attorneys, former prosecutors, or law enforcement officials in support of his vindictive prosecution claim. His conclusory allegations showed only a series of events from which vindictive prosecution is but one inference. A mere possibility that animus might exist under the circumstances, and not a more specific showing that the prosecutor had a genuine animus in adding the special offender charge is not enough to meet the some credible evidence standard for obtaining discovery. *See Sanders,* 211 F.3d at 718.

Additionally, the timing of the added special offender charge shortly after Butler's acquittal in the murder case, without more, does not show a genuine animus existed. *See id.* at 718–19 (court rejected defendant's contention that the chronology of three triggering events showed sufficient evidence of a genuine animus to warrant discovery). Butler's drug case had been pending for sixteen months when the murder trial concluded. Butler requested that this case trail the murder case, and he had not yet entered a plea in this case. Further, the prosecution presented evidence that it had considered adding the special offender count from the beginning when it indicated on Butler's intake sheet, "look hard at special offender." The prosecution explained during argument on the motion that its policy and procedure were to give notice to a defendant that once he or she pled not guilty, it would file a motion to amend to add a special offender charge. Further, because Butler's intake sheet was provided to his defense counsel during discovery, he was on notice of its possible intent to add a special offender count.

While we need not determine here the minimum showing necessary to warrant discovery of alleged vindictive prosecution, we conclude that Butler's conclusory allegations do not meet the rigorous burden of showing that the motion for discovery should have been granted. Thus, we conclude that Butler did not produce some credible evidence showing the prosecutor's genuine vindictive animus so as to justify additional discovery. Accordingly, the trial court did not abuse its discretion in denying Butler's motion for such discovery.

Furthermore, Butler sought discovery only with respect to the prosecution's similar cases, not discovery of the prosecution's file in his case. *See, e.g., United States v. Berrios,* 501 F.2d 1207, 1210 (2d Cir.1974) (the government was not entitled to withhold from the defendant any portions of an internal memorandum that related to his defense of selective prosecution).

To the extent that Butler now asserts error in nondisclosure of information in the district attorney's file in this case, we conclude that issue is not preserved for appellate review. *See Cooper v. Frankford Health Care System, Inc.,* 960 A.2d 134 (Pa.Super.Ct.2008) (arguments not presented to the trial court when it was considering motion for discovery were waived for appellate review); *cf. People v. Jansen,* 713 P.2d 907, 912 (Colo.1986) (motion to suppress issue not raised before the trial court will not be considered on appellate review).

## B. Motion to Amend

■ We review a trial court's order allowing the prosecution to amend an information for abuse of discretion. Crim. P. 7(e); *People v. Al–Yousif,* 206 P.3d 824, 830 (Colo.App. 2006). Crim. P. 7(e) is to be construed liberally and the trial court's decision will not

be overturned absent an abuse of discretion. *Al–Yousif,* 206 P.3d at 830. Further, we review under the constitutional harmless error standard because Butler objected on constitutional grounds to the amendment. *See Miller,* 113 P.3d at 749. The prosecution thus bears the burden of showing that any error was harmless beyond a reasonable doubt. *Id.* A constitutional error requires reversal unless we are confident beyond a reasonable doubt the error did not contribute to the guilty verdict. *Golob v. People,* 180 P.3d 1006, 1013 (Colo.2008).

Because we have concluded Butler did not present sufficient evidence of animus to warrant discovery, we necessarily conclude that Butler has not proved vindictive prosecution. *Valencia–Alvarez,* 101 P.3d at 1116; *cf. Alameh,* 341 F.3d at 175 (when defendant has not made a showing of discovery, it follows the merits of the claim must also fail). Therefore, the trial court did not abuse its discretion in allowing the prosecutor to amend the information to add the sentence enhancing charge. Accordingly, there was no error, constitutional or otherwise.

## III. Character Evidence

Butler contends that the trial court abused its discretion in admitting evidence of bad character. We disagree.

We review evidentiary determinations for abuse of discretion, and will not reverse unless the ruling was manifestly arbitrary, unreasonable, or unfair. *People v. Melillo,* 25 P.3d 769, 773 (Colo.2001).

■ To preserve an evidentiary error, a party must have made a specific, timely objection or motion to strike, before or during trial. CRE 103(a)(1); *Hancock v. State,* 758 P.2d 1372, 1377 (Colo.1988).

■ When an error is unpreserved, we review for plain error. *People v. Miller,* 113 P.3d 743, 749 (Colo.2005). Plain error is reversible if a review of the entire record shows that it so undermined the fundamental fairness of the trial as to cast serious doubt on the reliability of the conviction. *People v. Sepulveda,* 65 P.3d 1002, 1006 (Colo.2003).

Statements that may inflame the passions or prejudices of the jury are improper. *People v. Dunlap,* 975 P.2d 723 (Colo.1999). Evidence that is unduly prejudicial can render a trial fundamentally unfair. *Payne v. Tennessee,* 501 U.S. 808, 825, 111 S.Ct. 2597, 2608, 115 L.Ed.2d 720 (1991).

Butler asserts that the following testimony was highly prejudicial and deprived him of a fair trial:

(A) Officer M's testimony that on the day Butler was arrested, the officers were looking for someone who had an outstanding arrest warrant,

(B) Officer M's testimony that he worked in the "gang bureau" of the police department, and

(C) Officer W's testimony that the stop of Butler's car was "initiated by a gang car."

### A. Arrest Warrant

■ The trial court approved the parties' stipulation concerning Butler's motion in limine that evidence could be admitted that the arresting officers were executing an outstanding arrest warrant on November 22, 2004, provided that no evidence would be introduced that the warrant was for a murder charge. Accordingly, Butler waived any error in the admission of Officer M's statement that he and his partner were looking for someone with an outstanding arrest warrant.

### B. Gang Unit and Known to be Armed Statements

■ At trial, Butler objected to the second and third statements, but not on constitutional grounds. Thus, we review for harmless error. *See Miller,* 113 P.3d at 749 (error not objected to on constitutional grounds is reviewed for harmless error).

■ An error is deemed harmless when there is no reasonable probability that it contributed to the defendant's conviction. *People v. Garcia,* 28 P.3d 340, 344 (Colo. 2001).

■ Here, any error in the admission of these statements was cured by the trial court's instruction that the jury disregard

the information. Jurors are presumed to have understood and followed the court's instructions, absent a showing otherwise. *People v. Moody,* 676 P.2d 691, 697 (Colo.1984); *People v. Whittiker,* 181 P.3d 264, 274 (Colo. App.2006).

Butler has not rebutted this presumption.

He argues that the trial court's limiting instruction could not overcome the prejudice against him. However, these circumstances are similar to those in *Whittiker,* 181 P.3d 264. There, the trial court instructed the jury to disregard any testimony regarding "any gang activity or gang affiliations." 181 P.3d at 273. The division affirmed, reasoning that because it gave this curative instruction, the trial court did not abuse its discretion in refusing to grant a mistrial based on the evidence of gang affiliation. *Id.* at 274. Similarly, we conclude the trial court's instruction here cured any possible error.

## C. Gang Car

■ Last, the objection to the gang car reference was not preserved. Thus, on appeal, we review for plain error. Any error in the admission of Officer W's statement was not plain error because any gang reference had already been addressed in the curative instruction and did not so undermine the fairness of the trial as to cast serious doubt on the reliability of Butler's conviction.

## IV. Mandatory Parole Sentencing

■ Butler contends that the trial court erred in interpreting the special offender statute when it imposed five years of mandatory parole because the special offender statute provides for enhancement of his imprisonment sentence, but not his parole period. We agree.

We generally review a trial court's sentencing decision for abuse of discretion. *People v. Beatty,* 80 P.3d 847, 855 (Colo.App. 2003). However, courts can exercise their sentencing discretion only to the extent permitted by statute. *Martinez v. People,* 69 P.3d 1029, 1032 (Colo.2003). Because Butler contends that the trial court misinterpreted the sentencing statute, we review de novo. *Id.*

The trial court must interpret a sentencing statute to give effect to the legislative intent. *Id.* Upon review, we first look to the plain language of the statute. § 2–4–101, C.R.S. 2008 (common and technical usage); *People v. Cross,* 127 P.3d 71, 73 (Colo.2006). When the statutory language is unambiguous, we need not resort to other interpretive rules of statutory construction. *Painter v. Inland/Riggle Oil Co.,* 911 P.2d 716, 718 (Colo. App.1995), *aff'd,* 925 P.2d 1083 (Colo.1996).

When the statute is ambiguous, courts may consider, among other things, the former statutory provision. § 2–4–203, C.R.S.2008 (aids in construction).

Section 18–18–407(1), C.R.S.2008, provides:

[T]he presence of any one or more of the following extraordinary aggravating circumstances designating the defendant a special offender shall require the court to sentence the defendant to the *department of corrections* for a term of at least the minimum term of years within the presumptive range for a class 2 felony but not more than twice the maximum term of years within the presumptive range for a class 2 felony:....

(Emphasis added.)

The plain language of the statute provides that for certain felonies the trial court must impose a sentence to the Department of Corrections (DOC) for a term of at least the minimum number of years in the presumptive range authorized for a class two felony. However, the statute does not contain any language regarding mandatory parole. The supreme court has noted that a reasonable person would understand a sentence to the DOC to refer to the imprisonment component of a sentence only and not mandatory parole. *Craig v. People,* 986 P.2d 951, 962 (Colo.1999).

The *Craig* court also noted that while the DOC administers prison sentences, all decisions regarding mandatory parole are made by the Board of Parole, "an entity separate and apart from the [DOC]." *Id.*

In addition, the statute concerns the special offender sentence enhancer, which is not a reclassification of the underlying substantive offense. *Martinez,* 69 P.3d at 1032 (cit-

ing *Vega v. People,* 893 P.2d 107, 112 (Colo. 1995)). Here, the underlying offense was a class six felony. Thus, section 18–18–407(1) does not permit a mandatory parole sentence in excess of that authorized for a class six felony. Accordingly, we conclude that the plain language of the statute provides for enhancement of a sentence of imprisonment to the custody of the DOC only, and does not allow the trial court to enhance mandatory parole sentences.

Although the statute is not ambiguous, our conclusion is further supported by review of the prior version of the statute. In 2003, the statute was amended to its current form to explicitly state that an enhanced sentence to the DOC was required. Ch. 199, sec. 1, § 18–18–407(1), 2003 Colo. Sess. Laws 1423. The statute was originally enacted without explicitly referring to the DOC. Ch. 71, sec. 1, § 18–18–407(1), 1992 Colo. Sess. Laws 361 ("shall require the court to sentence the defendant to a term greater than the presumptive range for a class 2 felony . . .").

Nevertheless, the People argue that *People v. Rios,* 43 P.3d 726 (Colo.App.2001), implicitly held that the special offender statute addressed both the incarceration and parole portions of a defendant's sentence. In *Rios,* the division remanded to the trial court for imposition of a sentence to twenty years in the DOC, plus a five-year mandatory parole term, for a charge similar to Butler's. *Id.* at 732. Thus, there the trial court enhanced both the imprisonment and parole sentences based on the special offender finding.

Both Butler and the *Rios* defendant were charged with possession of a controlled substance and found to be special offenders because they carried a firearm during the commission of the offense. However, we conclude that *Rios* is distinguishable for two reasons.

First, the *Rios* division addressed whether separate sentences could be imposed for the offense and for the special offender finding, and not whether the imposition of an enhanced period of mandatory parole was proper. Second, *Rios* was decided under the prior version of the special offender statute, before its 2003 amendment.

Thus, the trial court erred in imposing a five-year mandatory parole period for a class two felony. We remand to the trial court to correct Butler's mittimus to one year of mandatory parole, as authorized for a class six felony. See § 18–1.3–401(1)(a)(V)(A)(B), C.R.S.2008.

The mandatory parole period is vacated, and the case is remanded for correction of the mandatory parole period on the mittimus. The judgment of conviction and sentence are otherwise affirmed.

Judge ROY and Judge GABRIEL concur.