**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Robert R. ROGERS, Respondent.**

No. 99SC438.

Supreme Court of Colorado,
En Banc.

Sept. 11, 2000.

372

Ken Salazar, Attorney General, Lauren A. Edelstein, Assistant Attorney General, Appellate Division, Denver, Colorado, Attorneys for Petitioner.

Robert R. Rogers, pro se, Canon City, Colorado.

PER CURIAM.

We granted certiorari to review whether the court of appeals correctly held that Robert R. Rogers (Rogers) had not received the "administrative review process" due upon a rejection after acceptance from a community corrections program.[1] *See People v. Rogers,* 983 P.2d 121 (Colo.App.1999). We reverse the judgment of the court of appeals and

remand with directions to reinstate the trial court's order denying Crim. P. 35(c) relief.

On July 20, 1994, the trial court sentenced Rogers to four years in community corrections for possession of a controlled substance, *see* §§ 18–18–204, –405, 6 C.R.S. (1999), to run concurrently with a three-year community corrections sentence for forgery that was imposed on a conviction in Boulder County. Rogers completed the residential program on June 12, 1995, and was then transferred to the non-residential program. The following year, the community corrections program rejected his placement based on a urinalysis that was positive for cocaine and other rule infractions. On April 29, 1996, the trial court revoked Rogers's community corrections sentence and re-sentenced him to the Department of Corrections.

The court of appeals held that the record in this case failed to establish compliance by the community corrections program with statutory termination procedures, and reversed and remanded the case to the trial court for further proceedings. *See Rogers,* 983 P.2d at 123.

Subsequently, we issued our opinion in *Benz v. People,* 5 P.3d 311 (Colo.2000). We held that section 17–27–103(7), 6 C.R.S. (1999), authorizes the trial court as the referring agency to conduct the informal administrative review anticipated by the statute, if the community corrections program does not. *See Benz,* 5 P.3d at 316 (Colo.2000). We defined the type of review that the trial court may conduct, including the court's statutory authority to require a community corrections board or program to provide the facts forming the basis of the program's decision to terminate the community corrections placement. *See id.* at 316–17.

The record here demonstrates that the trial court undertook the informal administrative review provided by the community corrections statute. The documents submitted to the trial court included a letter from the community corrections program, signed by the Non–Residential Case Manager and

1. The issue presented is: "Whether the court of appeals correctly determined that the record in this case failed to establish that Rogers received an 'administrative review process' before his community corrections sentence was revoked, where this decision is in direct conflict with *Benz v. People,* 5 P.3d 311 (Colo.2000)."

the Executive Director of Programs, describing the infractions that formed the basis for the rejection of Rogers. The causes of termination included the cocaine positive urinalysis, driving without a license, receipt of a speeding ticket, and failure to obey an order of the community corrections program to provide a photocopy of the speeding ticket to his Case Manager. The record before the trial court also contained a copy of the urinalysis test results.

The April 1996 hearing transcript shows that Rogers appeared before the trial court with counsel "in connection with a request by the community corrections board that Mr. Rogers' place of confinement be changed." Through counsel, Rogers raised arguments about his termination from placement, the validity of his urinalysis, and the length of incarceration time remaining on his sentence.

At the time the matter was before the trial court, Rogers had actual notice of the reasons for termination from community corrections, the community corrections program had provided documentation of the reasons for his rejection, and Rogers made no argument that community corrections or the court had failed to adequately review his termination. The record demonstrates that the trial court conducted the informal administrative review in its role as the referring agency. *See id.*

Accordingly, we reverse the judgment of the court of appeals and remand this case to it with directions to reinstate the trial court's order denying Crim. P. 35(c) relief.