**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kenneth KITSMILLER, Defendant–Appellant.**

**Nos. 01CA0673, 01CA0876.**

Colorado Court of Appeals, Div. III.

Nov. 21, 2002.

Certiorari Denied Aug. 18, 2003.*

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

\* Justice MARTINEZ would grant as to the following issues:

Whether the court of appeals failed to follow *Benz v. People*, 5 P.3d 311 (Colo. 2000) and erred in concluding that, when the court acts as the referring agency pursuant to section 17-27-104(6), C.R.S., it satisfies the statutory requirement of an administrative review process when it performs no review at all.

Whether Petitioner's sentence is illegal because, contrary to this right to due process of law, he did not receive an evidentiary hearing on his allegation that he did not violate any of the terms or conditions of his community corrections placement.

dinary aggravating circumstances, to a community corrections program for a term of five years. After defendant began serving the sentence, the program filed a complaint to terminate his placement. The trial court, without making new findings or providing an evidentiary hearing, resentenced defendant to DOC for the remainder of his five-year sentence.

I.

Defendant contends that the trial court violated his right to procedural due process by not granting him an evidentiary hearing concerning the termination of his placement in community corrections. We do not reach this issue because it was not raised in the trial court.

Constitutional claims not presented to the trial court will not be considered on appeal. *People v. Cagle,* 751 P.2d 614 (Colo. 1988); *People v. Boyd,* 30 P.3d 819 (Colo. App.2001).

Here, during the transfer hearing, defendant did not request that an evidentiary hearing be conducted by the trial court. Nor did he raise this issue in his Crim. P. 35(a) motion. Thus, we will not consider the merits of this claim on appeal.

II.

Defendant contends that he did not receive his statutory right to an administrative review process. We disagree.

Contrary to the People's assertion, defendant raised this argument in the trial court. The record reflects that defendant's request for an administrative review was denied by the trial court during the resentencing. Accordingly, we will address the merits of this claim.

Upon termination from community corrections, an offender must be provided with: (1) written or actual notice of rejection from community corrections and the reasons for rejection; and (2) an informal review of the facts underlying the rejection. The trial court can provide such notice and review at the sentencing hearing. Section 17–27–

Ken Salazar, Attorney General, Jess A. Redman, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Alan Kratz, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.

Defendant, Kenneth Kitsmiller, appeals his sentence to the Department of Corrections (DOC) imposed upon termination of his placement in a community corrections program. He also appeals the denial of his Crim. P. 35(a) motion to correct an allegedly illegal sentence. We affirm.

Defendant pleaded guilty to felony menacing and was sentenced by the trial court, after making appropriate findings of extraor-

103(7), C.R.S.2002; *Benz v. People,* 5 P.3d 311 (Colo.2000).

■ Informal review in this circumstance requires that the trial court either: (1) review on the record the facts underlying the rejection on the record; or (2) demonstrate a familiarity with those facts through documentation in the record regarding the rejection. *See Benz v. People, supra* (trial court reviewed facts on the record); *People v. Rogers,* 9 P.3d 371 (Colo.2000)(documents supporting rejection in trial court record). No substantive evaluation of the veracity of the facts or the merits of the rejection is required, because a community corrections program can reject an offender for any reason or no reason, and the trial court has no power to alter the rejection. *See People v. Abdul,* 935 P.2d 4 (Colo.1997); *People v. Wilhite,* 817 P.2d 1017 (Colo.1991).

Here, defendant was given actual notice of his rejection from the community corrections program and the reasons for this rejection. Furthermore, the record contains the request for transfer and the letter from community corrections detailing the facts and reasons underlying the rejection. Thus, we conclude that defendant received his statutory right to an administrative review.

### III.

■ Defendant contends that the trial court erred by imposing a sentence beyond the presumptive range without making specific findings. We disagree.

In sentencing a defendant to a term outside the presumptive sentencing range, a trial court must make specific findings on the record to detail the specific extraordinary aggravating circumstances that provide reasons for varying from the presumptive range. Section 18–1.3–401(7), C.R.S.2002.

Defendant relies upon *People v. Arnold,* 907 P.2d 686 (Colo.App.1995), for the proposition that his resentencing to DOC following termination of placement with community corrections was a new sentence and the trial court was thus required to make specific findings at the resentencing hearing. However, the division in *Arnold* considered a resentence as a new sentence only for the

purposes of calculating time for filing a Crim. P. 35(b) motion. Because in *Arnold* the Crim. P. 35(b) motion would have been time barred, the defendant there faced substantial prejudice if the resentence were not considered a new sentence.

■ Therefore, we conclude that the rationale underlying *Arnold* is not applicable to the facts here. When the original sentence is not changed and the defendant is given full credit for the time served in community corrections, there is no prejudice to the defendant from the failure of the trial court to restate its findings justifying an aggravated sentence, because evidence of the court's rationale already exists on the record. *See People v. Watkins,* 200 Colo. 163, 613 P.2d 633 (1980)(sentencing court must make findings to allow an appellate court to determine the bases for the sentence imposed); *People v. Malone,* 923 P.2d 163 (Colo.App.1995).

Here, because the trial court made the required findings at the original sentencing hearing and only the remainder of the original sentence was imposed, defendant suffered no prejudice from the lack of new findings at the resentencing hearing. Accordingly, we hold that under these circumstances, new findings to support the aggravated range sentence are not required. As a result, we find no error here.

### IV.

■ Defendant contends that the trial court abused its discretion in imposing a sentence outside the presumptive range. We disagree.

■ A sentencing court may impose a sentence up to twice the maximum authorized in the presumptive range if it finds the presence of extraordinary aggravating circumstances. *See* Section 18–1.3–401(6), C.R.S.2002. Extraordinary aggravating circumstances include "unusual aspects of the defendant's character, past conduct, ... the events surrounding the crime, [a] pattern of conduct which indicates whether [the defendant] is a serious danger to society, past convictions, and the possibility of rehabilitation." *People v. Walker,* 724 P.2d 666, 670

(Colo.1986)(quoting *People v. Phillips,* 652 P.2d 575, 580 (Colo.1982)).

A trial judge has broad discretion when imposing a sentence, and if the sentence is based upon appropriate considerations as reflected in the record and is factually supported by the circumstances of the case, we will not disturb this exercise of discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990).

Here, defendant pleaded guilty to felony menacing, a class five felony that carries a presumptive sentence of one to three years. In sentencing defendant to five years, the court considered the nature of the offense, defendant's behavioral history, the risk of future criminal conduct, and his rehabilitative potential. Thus, we conclude that the trial court weighed the relevant factors and did not abuse its discretion in sentencing.

The sentence and order are affirmed.

Judge KAPELKE and Judge NIETO concur.