**The PEOPLE of The State of Colorado, Plaintiff–Appellee,**

v.

**Merle Leo ORTH, Defendant–Appellant.**

### No. 03CA0969.

Colorado Court of Appeals,
Div. III.

Feb. 24, 2005.

Rehearing Denied May 19, 2005.

Certiorari Denied Oct. 11, 2005.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CASEBOLT, J.

Defendant, Merle Leo Orth, appeals the judgment of conviction entered upon jury verdicts finding him guilty of criminal mischief, a class four felony, and conspiracy to commit criminal mischief, a class five felony. Defendant also appeals the sentence imposed upon his conspiracy conviction. We affirm.

While riding in a vehicle, defendant and another person shot out windows, causing damage in excess of $500. The trial court sentenced defendant to serve six years in community corrections on each count, to run concurrently. This appeal followed.

## I.

■ Defendant first asserts that the trial court erred by granting the prosecution's challenge for cause to a prospective juror. However, because the prosecution did not use all its peremptory challenges, we conclude any possible error was harmless. See People v. Bernabei, 979 P.2d 26 (Colo.App. 1998) (error, if any, in granting prosecution's challenge for cause to prospective juror without establishing juror's bias was harmless where prosecution used only two of its allotted six peremptory challenges; thus, trial court's action did not give the prosecution an extra peremptory challenge).

## II.

■ Defendant does not appeal the six-year sentence to community corrections upon his conviction for criminal mischief, a sentence that is within the presumptive range for a class four felony. See § 18–1.3–401(1)(a)(V)(A), C.R.S.2004. However, he challenges his sentence for the conspiracy conviction, asserting that his aggravated range sentence is unconstitutional because it was imposed based on a factual determination of extraordinary aggravating circumstances impermissibly made by the sentencing court, rather than by a jury. We disagree.

The presumptive sentencing range for a class five felony is one to three years of imprisonment. Sections 18–1.3–401(1)(a)(V)(A), 18–2–201, 18–4–501(1), C.R.S. 2004. However, § 18–1.3–401(6), C.R.S.2004, provides, in relevant part, as follows:

> In imposing a sentence to incarceration, the court shall impose a definite sentence which is within the presumptive ranges set forth in subsection (1) of this section unless it concludes that extraordinary ... aggravating circumstances are present, are based on evidence in the record of the sentencing hearing and the presentence report, and support a different sentence which better serves the purposes of this code with respect to sentencing, as set forth in section 18–1–102.5. If the court finds such extraordinary ... aggravating circumstances, it may impose a sentence which is ... greater than the presumptive range; except that in no case shall the term of sentence be greater than twice the maximum ... term authorized in the presumptive range for the punishment of the offense.

The foregoing statutory framework also governs the length of direct sentences to community corrections. Section 18–1.3–301(1)(b), C.R.S.2004 ("[i]n making a direct sentence to a community corrections program, the sentencing court may impose a sentence to community corrections which includes ... lengths ... pursuant to section 18–1.3–401").

■ It is well established that a defendant's prior criminal convictions may constitute an extraordinary aggravating circumstance within the meaning of this provision. People v. Walker, 724 P.2d 666, 670 (Colo. 1986); People v. Phillips, 652 P.2d 575, 580 (Colo.1982); People v. Kitsmiller, 74 P.3d 376, 379–80 (Colo.App.2002).

Here, the People contend, and defendant does not dispute, that the trial court found that defendant's prior convictions constituted an extraordinary aggravating circumstance justifying an aggravated range sentence. Upon examination, we agree with that characterization.

The court first discussed to which agency defendant should be sentenced, indicating concern about the community corrections recommendation proffered by defendant, the prosecution, and the probation department. In doing so, the court noted defendant's previous felony and misdemeanor convictions, his violation of probation and parole, and the revocations thereof, and it considered his Intensive Supervision Parole officer's recommendation that a sentence to the Department of Corrections was warranted here. Following that consideration, the court directed service of the sentence in community corrections.

The court then determined the length of the sentence, stating that it had considered the presentence investigation report (PSIR), the bulk of which detailed defendant's previous convictions and discussed where he should serve his sentence. Indeed, as to the term of a sentence, the PSIR simply recommended a term "the court feels is appropriate." Hence, we conclude that, in determining the term of the sentence, the court relied solely on defendant's previous convictions.

The issue then is whether that determination of an extraordinary aggravating circumstance and the resulting aggravated range sentence are permissible under the Sixth Amendment. We conclude that they are.

Recently, in *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Supreme Court reiterated its conclusion in *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."

Hence, a Sixth Amendment violation occurs when, as relevant here, the sentencing court finds facts other than a prior conviction and aggravates a defendant's sentence based thereon.

The prior conviction exception noted in *Apprendi* and restated most recently in *Blakely* was first recognized in *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). There, the Court noted that "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." *Almendarez–Torres v. United States, supra,* 523 U.S. at 243, 118 S.Ct. at 1230, 140 L.Ed.2d at 368.

In *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), the Court explained that the prior conviction exception rested in substantial part on:

the tradition of regarding recidivism as a sentencing factor, not as an element to be set out in the indictment. The Court's repeated emphasis on the distinctive significance of recidivism leaves no question that the Court regarded that fact as potentially distinguishable for constitutional purposes from other facts that might extend the range of possible sentencing. One basis for that possible constitutional distinctiveness is not hard to see: unlike virtually any other consideration used to enlarge the possible penalty for an offense ... a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees.

*Jones v. United States, supra,* 526 U.S. at 249, 119 S.Ct. at 1227, 143 L.Ed.2d at 329 (citations omitted).

In *Apprendi,* the Court noted the narrowness of the prior conviction exception, explaining that the decision in *Almendarez–Torres:*

turned heavily upon the fact that the additional sentence to which the defendant was subject was "the prior commission of a serious crime." Both the certainty that procedural safeguards attached to any "fact" of prior conviction, and the reality that Almendarez–Torres did not challenge the accuracy of that "fact" in his case, mitigated the due process and Sixth Amendment concerns otherwise implicated

in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range.

Even though it is arguable that *Almendarez–Torres* was incorrectly decided … and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule . . . .

In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in *Jones*. Other than *the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey, supra,* 530 U.S. at 488–90, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455 (citations and footnotes omitted; emphasis added).

Nothing in *Blakely* casts doubt upon the continuing viability of the prior conviction exception. Indeed, under a recidivism statute such as Colorado's habitual criminal sentencing statute, trial courts may constitutionally impose a sentence above the presumptive range upon a finding as to the fact of prior convictions. *See People v. Kyle,* 111 P.3d 491 (Colo.App. No. 01CA1221, 2004 WL 1690244, Jul. 29, 2004)(habitual sex offender act mandating trial to the court to determine prior sex offense convictions is not unconstitutional under the Sixth Amendment right to a jury trial); *People v. Carrasco,* 85 P.3d 580 (Colo.App.2003)(defendant was not entitled to jury trial in habitual criminal adjudication; findings as to prior convictions were not required to be made by jury).

A contrary result is not mandated by *People v. Moon,* 121 P.3d 218 (Colo.App. No. 03CA1107, 2004 WL 2503424, Oct. 21, 2004). There, a division of this court concluded, as relevant here, that when a court finds extraordinary aggravating circumstances and imposes a sentence in the aggravated range under § 18–1.3–401(6), that sentence gener-

ally violates the Sixth Amendment right to trial by jury. However, the division also recognized that this conclusion does not apply when the facts found by the trial court to support the sentence involve prior convictions to the extent permitted by *Apprendi.* Because *Apprendi* permits a court to use prior convictions in determining the length of a sentence, nothing in the statute or in *Moon* precludes a sentencing court from relying solely on previous convictions in imposing an aggravated range sentence. Essentially, there is no Sixth Amendment violation when the court's conclusion that an enhanced sentence is warranted is based only upon a defendant's prior convictions.

Courts in other states have reached similar conclusions. *See People v. George,* 122 Cal. App.4th 419, 18 Cal.Rptr.3d 651 (2004) *(review granted* Dec. 15, 2004)(court could constitutionally employ fact that defendant was on probation in determining sentence; probation was so closely akin to prior conviction as to be covered under prior conviction exception noted in *Blakely* ); *Bledsoe v. State,* 815 N.E.2d 507 (Ind.Ct.App.2004)(where enhanced sentence is based upon a defendant's prior criminal history and aggravators derived from that history, the *Blakely* analysis is not implicated); *State v. Alkire,* 124 Wash. App. 169, 100 P.3d 837 (2004)(a judge may, consistent with the Sixth Amendment and due process, impose an enhanced sentence based on the fact of a prior conviction). *Contra, State v. Perez,* 196 Or.App. 364, 102 P.3d 705 (2004)(judicial determination concerning the severity of a defendant's criminal history requires a finding beyond the fact of a prior conviction and cannot be the basis for aggravated range sentencing).

Here, the trial court did not make any prohibited findings. It found that defendant had committed a previous felony and numerous misdemeanors, "facts" that legitimately may be employed by a sentencing court in imposing a sentence without running afoul of the Sixth Amendment. Based only on those facts, the court aggravated defendant's sentence. We therefore conclude that defendant's aggravated range sentence for conspiracy to commit criminal mischief is not unconstitutional.

The judgment of conviction and sentence are affirmed.

Judge DAILEY and Judge PICCONE concur.