The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Susan J. HOPKINS, Defendant–Appellant.

No. 07CA0662.

Colorado Court of Appeals, Div. IV.

June 26, 2008.

John W. Suthers, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Tracy C. Renner, Deputy State Public Defender, Colorado, for Defendant–Appellant.

Opinion by Judge PLANK.*

Defendant, Susan J. Hopkins, appeals the sentence imposed on remand following her direct appeal from the judgment of conviction entered upon her guilty plea to theft. We vacate the sentence and remand the case for resentencing.

Pursuant to a plea agreement, defendant pleaded guilty to an amended count of theft in exchange for the dismissal of the original charge against her and the promise not to file charges in another case.

At sentencing, the trial court sentenced her to ten years in community corrections, finding as extraordinary aggravating circumstances the nature of the crime, the amount of money involved, the impact of the theft on others, and defendant's committing a second crime while this case was pending.

On appeal, a division of this court determined that defendant's sentence was unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Defendant's sentence was vacated, and the case was remanded for resentencing. *People v. Hopkins,* 2005 WL 914402 (Colo.App. No. 03CA2021, Apr. 21, 2005) (not published pursuant to C.A.R. 35(f)) *(Hopkins I).*

However, the supreme court granted the People's petition for certiorari, vacated the division's judgment, and remanded the case to the court of appeals for reconsideration in light of its other recent sentencing decisions.

On remand, the division held that the original sentence was unconstitutional because the trial court relied on factors that were not

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.

*Blakely*-compliant. The division again vacated the sentence and remanded the case to the trial court for resentencing. *People v. Hopkins*, 2006 WL 2506748 (Colo.App. No. 03CA2021, Aug. 31, 2006) (not published pursuant to C.A.R. 35(f) ) *(Hopkins II)*.

At the resentencing hearing, defendant argued, and the prosecution agreed, that six years in community corrections was the maximum sentence that could be imposed.

The trial court found that a prison sentence was more appropriate than a community corrections sentence under the facts of this case and imposed a three-year sentence to the Department of Corrections (DOC).

The court granted defense counsel's request for a stay of execution to research the issues further. On March 15, 2007, defendant moved for reconsideration on the basis that the increased sentence violated due process. The court held a hearing on the motion and denied it, finding, "[I am] not convinced by the claim that an illegal sentence is somehow not an unconstitutional sentence. I would suspect that any time there is an illegal sentence, there's a claim of due process violation as well as a statutory violation, and it is thus unconstitutional in that sense."

## I.

■ Defendant contends that the three-year sentence to the DOC violates her right to due process because it unconstitutionally increases her punishment. We conclude that the sentence is contrary to 18–1–409(3), C.R.S.2007, and therefore we need not decide whether it violates her right to due process.

Under section 18–1–409(3),

No sentence in excess of the one originally imposed shall be given [on remand] unless matters of aggravation in addition to those known to the court at the time of the original sentence are brought to the attention of the court during the hearing conducted under this section. If the court imposes a sentence in excess of the one first given, it shall specifically identify the additional aggravating facts considered by it in imposing the increased sentence.

A DOC sentence may be considered harsher than a sentence to community corrections.

*See Benz v. People*, 5 P.3d 311, 314 (Colo. 2000). Therefore, we reject the People's argument that because the DOC sentence is three years, and is therefore shorter in time than the ten-year sentence to community corrections, the DOC sentence cannot be "in excess of" the community corrections sentence.

■ We interpret a statute according to its plain meaning. *Hernandez v. People*, 176 P.3d 746, 751 (Colo.2008). "In excess of" is defined as "to an amount or degree beyond: over." *Webster's Third New International Dictionary* 792 (1986). Therefore, in addition to the length of the sentence, we must consider the harshness of the sentence in determining whether a sentence is excess of the one originally imposed.

Here, the trial court conducted a new sentencing hearing. It stated that it considered the relevant factors in determining an appropriate sentence. The court found that the impact of the crime was substantial and "meaningful restitution is mythological." The court also considered the amount of money stolen and the harm to the community. The court determined:

Given all the factors and given the fact that in similar circumstances I have sentenced people who were convicted of similar crimes but for far lesser amounts to the Department of Corrections, I feel that this case should be treated no differently than a car theft case or other crimes, and I will sentence [defendant] to three years in the Department of Corrections plus three years of mandatory parole.

Although it does not appear that vindictiveness influenced the new sentence, nevertheless, the harsher sentence does not comport with the statutory resentencing requirements of section 18–1–409(3). The trial court did not rely on defendant's conduct occurring after the imposition of the original sentence or any other subsequent aggravating factors. Rather, the court imposed a sentence based on what it would have done if it had been the original sentencing court. Section 18–1–409(3) does not permit this. Thus, the trial court violated defendant's statutory right when it imposed a harsher sentence than the sentence originally imposed. *See People v.*

*Walters,* 802 P.2d 1155 (Colo.App.1990) (enhanced sentence generally may not be imposed on retrial unless the sentence is based on objective identifiable conduct of defendant occurring after the imposition of original sentence, the purpose of the rule being to avoid vindictiveness). Therefore, it is necessary to vacate the sentence and remand the case for resentencing.

## II.

Because we have concluded that defendant's sentence violates section 18–1–409(3), we need not address her contention that her sentence violates her right to protection from double jeopardy.

## III.

Last, because we vacate defendant's sentence, we need not address her contention concerning presentence confinement credit. Rather, the trial court shall determine the appropriate amount of presentence confinement credit, if any, to which defendant is entitled, at resentencing. *See People v. Ostuni,* 58 P.3d 531, 533–34 (Colo.2002).

The sentence is vacated, and the case is remanded for further proceedings consistent with this and the *Hopkins II* opinions.

Judge CASEBOLT and Judge WEBB concur.