COLORADO COURT OF APPEALS
 
 2016 COA 19
 
 

Court of Appeals No. 14CA2387
Weld County District Court No. 13CR642 
Honorable Shannon Douglas Lyons, Judge

The People of the State of Colorado, 

Plaintiff-Appellee,

v.

Alfred Gabriel Sandoval, 

Defendant-Appellant.

SENTENCE VACATED AND CASE 
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE RICHMAN 
Dunn and Berger, JJ., concur

Announced February 11, 2016

Cynthia H. Coffman, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ruchi Kapoor, Alternate Defense Counsel, Lakewood, Colorado, for Defendant-Appellant

¶1        The firmly established rule from Blakely v. Washington, 542 U.S. 296 (2004), as applied to Colorado’s sentencing scheme in Lopez v. People, 113 P.3d 713 (Colo. 2005), also applies to a direct sentence to community corrections in Colorado. That is clear from the Blakely rule, the Colorado community corrections statute, and Colorado case law. The district court therefore plainly erred in aggravating the community corrections sentence of defendant, Alfred Gabriel Sandoval, based on facts that were neither Blakely-compliant nor Blakely-exempt. We vacate defendant’s sentence and remand for resentencing.

I. Background

¶2&n        According to the affidavit of probable cause for arrest,
defendant went to the victim’s apartment to collect a drug debt. When the victim did not pay the debt, defendant took out a handgun and shot him in the knee. The People charged defendant with first degree assault, a class 3 felony, and possession of a weapon by a previous offender.

¶3        The parties ultimately entered into a plea agreement to a
reduced charge of felony menacing, a class 5 felony, and the original charges were dismissed. The plea agreement notified defendant of the “possible penalties” to which he could be sentenced. Those possible penalties included “1 to 3 years confinement in the Colorado Department of Corrections [DOC]; sufficient mitigating circumstances may reduce the minimum to 6 months; sufficient aggravating circumstances may increase the maximum to 6 years; a sentence to the [DOC] requires an additional mandatory parole period of 2 years.” See also § 18-1.3-401(1)(a)(V)(A), C.R.S. 2015 (stating that the “presumptive range of penalties” for a class 5 felony is between one year and three years of “imprisonment,” with a two-year period of mandatory parole); § 18-1.3-401(6) (allowing for mitigated or aggravated sentencing based on extraordinary circumstances).

¶4        However, the parties stipulated in the plea agreement that
“defendant will receive a non-DOC sentence.” Further, nothing in the plea agreement or the providency hearing transcript indicated that defendant consented to judicial factfinding for purposes of sentencing. And at the providency hearing, defendant waived the establishment of a factual basis for his guilty plea to the reduced charge of menacing.

¶5        At the sentencing hearing, the prosecutor argued for a community corrections sentence, and defense counsel requested a sentence to probation. Neither side recommended a sentence of any particular length.

¶6        The district court then asked defendant what happened during
the underlying incident, stating, “[A]t this point I’m essentially deciding the length of the term for community corrections[,] and so I would like to know what happened.” In response, defendant stated that it was the victim who pulled out the gun, and that the gun discharged during a struggle.

¶7        The district court then imposed a sentence of six years in
community corrections, explaining:

[T]his case presents a situation of who[m] to believe. The victim isn’t the most believable individual because he gave several different stories [to police]. The defendant’s version, quite frankly, is no more credible. So the Court is left with what the crime that was pled guilty to is and some of the underlying facts, and the underlying facts are that a person got shot, essentially got knee-capped.

Defense Counsel: I’m just wondering about the length of the sentence. It is an F5 and it’s not subject to mandatory aggravation.

The Court: The Court does find that there are aggravating circumstances in this case. Specifically, the Court notes that [defendant] went to the victim’s home, entered the victim’s home to collect what he describes as a debt, what the victim describes as a drug debt. Quite frankly, given the statement that the victim was high on methamphetamines, the Court finds it credible that this was a drug debt that was being collected. A gun was produced. The victim says the defendant produced the gun and shot him in the knee, which means that he knee-capped him. The Court finds that in and of itself would be aggravation, warranting a sentence in the aggravated range. The defendant describes that he wrestled with the defendant [sic] when the defendant [sic] produced a gun and the defendant [sic] ended up getting shot. The Court, quite frankly, doesn’t find the defendant’s version of events to be credible[,] and so the Court finds that a sentence in the aggravated range is warranted. So the Court’s sentence of six years to community corrections stands.

Defense Counsel: Just to ask, and I don’t mean to be rude, but does the Court find the victim’s version of events credible?

The Court: I find certain portions of the victim’s story to not be reliable, but the fact of the matter is the victim had a gunshot wound to his knee and tried to cover that up because of his acknowledgment that this was a drug debt related event and he didn’t want to be labeled as a snitch. So obviously he gave different versions of the event prior to telling the final version to police, but the Court finds the fact that he had a gunshot wound to his knee to be very telling, and so I do find his latest version to be more credible than the defendant’s version.

¶8        Defendant now appeals, contending that his aggravated community corrections sentence violates Blakely.

II. Preservation and Standard of Review

¶9        Where a defendant raises a Blakely challenge on appeal that
he did not raise in the district court, we review for plain error. See People v. Alvarado, 284 P.3d 99, 103 (Colo. App. 2011); People v. Banark, 155 P.3d 609, 611 (Colo. App. 2007).

¶10        Defendant did not preserve his Blakely challenge in the district court. At the sentencing hearing, defendant only pointed out to the court that “mandatory aggravation” did not apply. This reference to mandatory aggravation led the court to explain why it was exercising its discretion to aggravate the sentence. But defendant failed to follow up with any argument that the aggravated sentence violated Blakely because, for example, it was based on facts not proven to a jury beyond a reasonable doubt.

¶11        We are unpersuaded by defendant’s assertion on appeal that “[t]he [mere] mention of aggravation implies that defense counsel was raising a Blakely issue about the length of the sentence.” An issue is preserved where an objection “alert[s] the trial court to a particular issue in order to give the court an opportunity to correct any error.” People v. Pahl, 169 P.3d 169, 183 (Colo. App. 2006). Defense counsel’s statement that mandatory aggravation did not apply did not sufficiently alert the district court to the issue of whether it could aggravate the sentence without violating Blakely. We therefore review the sentencing decision for plain error.

¶12        Plain error is error that is both obvious and substantial. Banark, 155 P.3d at 611. “For an error to be obvious, ‘the action challenged on appeal must contravene (1) a clear statutory command; (2) a well-settled legal principle; or (3) Colorado case law.’” People v. Stroud, 2014 COA 58, ¶33 (quoting People v. Pollard, 2013 COA 31M, ¶40). “In other words, where an alleged error is unclear under present law, the trial court does not commit plain error.” Id. Further, we will not vacate a sentence for plain error unless the error so undermined the fundamental fairness of the sentencing proceeding as to cast serious doubt on the reliability of the sentence. Banark, 155 P.3d at 611.

¶13        To determine whether the district court erred in applying the law to defendant’s sentence, we review the court’s decision de novo. Villanueva v. People, 199 P.3d 1228, 1231 (Colo. 2008).

III. The Law Is Clear that Blakely Applies to a 
Community Corrections Sentence in Colorado

¶14        In Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely, the United States Supreme Court laid out what is now a firmly entrenched rule: “Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Blakely, 542 U.S. at 301 (emphasis added) (quoting Apprendi, 530 U.S. at 490). Blakely clarified that the “statutory maximum” for purposes of this rule is “the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” Id. at 303 (emphasis omitted).

¶15        In Lopez, the Colorado Supreme Court held that the “statutory maximum” in Colorado for purposes of the Blakely rule is the maximum in the presumptive range of penalties under section 18-1.3-401(1)(a). See Lopez, 113 P.3d at 720-26. In other words, if a court wants to aggravate a sentence beyond the maximum of the presumptive range, the Blakely rule applies. See Lopez, 113 P.3d at 720-26.

¶16        Section 18-1.3-301, C.R.S. 2015, authorizes a district court to
place an offender in a community corrections program. Section 18-1.3-301(1)(b) specifically provides, “[i]n making a direct sentence to a community corrections program, the sentencing court may impose a sentence to community corrections which includes terms, lengths, and conditions pursuant to section 18-1.3-401.” (Emphasis added.)

¶17        This statutory provision and Colorado Supreme Court precedent make clear that the length of a community corrections sentence is governed by the same rules applicable to a sentence to imprisonment under section 18-1.3-401. See Shipley v. People, 45 P.3d 1277, 1279-81 (Colo. 2002) (holding that the maximum and minimum sentences to “imprisonment” under section 18-1.3-401 (formerly section 18-1-105) include both DOC sentences and community corrections sentences); People v. Johnson, 13 P.3d 309, 314 (Colo. 2000) (“The trial court . . . has the same discretion to fashion the terms and lengths of a community of corrections ‘sentence’ as it has to sentence an offender to imprisonment or confinement in a DOC facility.”); People v. Orth, 121 P.3d 256, 257 (Colo. App. 2005) (“[Section 18-1.3-401(1)(a) and (6)] also governs the length of direct sentences to community corrections.”).

¶18        Thus, for example, in this case involving a class 5 felony conviction, the presumptive range for either a DOC sentence or a community corrections sentence was between one and three years, with an aggravated range of up to six years. See §§ 18-1.3-301(1)(b), -401(1)(a), (6).

¶19         The firmly entrenched rule from Blakely applies to any “penalty for a crime” beyond the prescribed “statutory maximum.” 542 U.S. at 301. As the People conceded at oral argument, a direct sentence to community corrections in Colorado constitutes a “penalty” under the Blakely rule. And, the “statutory maximum” sentences in Colorado are the same for DOC sentences and community corrections sentences. See § 18-1.3-301(1)(b); Shipley, 45 P.3d at 1281; Johnson, 13 P.3d at 314; Orth, 121 P.3d at 257.

¶20        The People argue that the “statutory maximum” for a community corrections sentence and the “statutory maximum” for a prison sentence are different because a community corrections sentence is “less severe” than a prison sentence. However, as the People implicitly conceded at oral argument, there is no legal authority supporting the proposition that this “severity” comparison applies in the Blakely context. Cf. Downing v. People, 895 P.2d 1046, 1049-50 (Colo. 1995) (rejecting People’s argument that “a sentence to a community corrections facility is less harsh than a sentence to the Department of Corrections”); People v. Hopkins, 190 P.3d 833, 834-35 (Colo. App. 2008) (same). We therefore do not agree with the People’s argument that the “statutory maximum” for a community corrections sentence for purposes of the Blakely rule is different than the “statutory maximum” for a prison sentence.

¶21        As explained above, Blakely, section 18-1.3-301(1)(b), Shipley,
and Johnson make clear that the Blakely rule applies to a direct sentence to community corrections in Colorado. The obviousness of that rule is further supported by Colorado Court of Appeals decisions addressing whether the aggravated community corrections sentences in those cases violated Blakely. See Orth, 121 P.3d at 257-59 (noting that “a Sixth Amendment violation occurs when, as relevant here, the sentencing court finds facts other than a prior conviction and aggravates a defendant’s sentence based thereon,” but holding that the defendant’s aggravated community corrections sentence did not violate Blakely because the trial court based it on Blakely-exempt prior convictions); see also People v. VanMatre, 190 P.3d 770, 772, 774 (Colo. App. 2008) (same); Hopkins, 190 P.3d at 833 (explaining that in a previous appeal in the same case, a division of the court of appeals held that the defendant’s aggravated community corrections sentence violated Blakely).

¶22        Thus, despite defendant’s failure to lodge a specific Blakely objection in the district court, the court was sufficiently on notice that the community corrections sentence it imposed must not violate Blakely.

IV. The District Court Plainly Erred by Imposing an Aggravated 
Community Corrections Sentence in Violation of Blakely

¶23        A district court must base an aggravated range sentence on either a Blakely-compliant or Blakely-exempt fact. See Lopez, 113 P.3d at 723. A Blakely-compliant fact generally is a fact established by a guilty plea or jury verdict, a fact admitted by a defendant, or a fact found by a court after a defendant stipulates to judicial factfinding. See Lopez, 113 P.3d at 723. A Blakely-exempt fact generally is a fact established by a prior conviction. See Lopez, 113 P.3d at 723.

¶24        The People originally charged defendant with first degree assault, a class 3 felony, alleging that he caused serious bodily injury to the victim by means of a handgun. See § 18-3-202(1)(a), C.R.S. 2015.

¶25        Defendant pleaded guilty to felony menacing, a class 5 felony. By doing so, he admitted that through the use of a threat or physical action, he unlawfully, feloniously, and knowingly placed or attempted to place the victim in fear of imminent serious bodily injury by use of a gun. See § 18-3-206(1)(a), C.R.S. 2015. Again, defendant did not waive his Blakely rights by consenting to judicial factfinding, and the prosecution entered into the plea agreement despite the absence of such a provision in the agreement. See Lopez, 113 P.3d at 716 (“[P]rosecutors arranging plea agreements, or trial courts considering guilty pleas, can insist that defendants admit to those facts potentially needed for aggravated sentencing.”).

¶26        At the providency hearing, the district court accepted defendant’s guilty plea to felony menacing, which carried a presumptive sentencing range of one to three years. See § 18-1.3-401(1)(a)(V)(A). But then, at the sentencing hearing, the court specifically stated that it was aggravating defendant’s community corrections sentence based on its own finding that defendant produced a gun and shot the victim in the knee. In essence, the court aggravated defendant’s sentence based on a finding that he had committed first degree assault, the very offense that the People originally charged but to which defendant had not pleaded guilty. See Blakely, 542 U.S. at 306-07 (“The jury could not function as circuitbreaker in the State’s machinery of justice if it were relegated to making a determination that the defendant at some point did something wrong, a mere preliminary to a judicial inquisition into the facts of the crime the State actually seeks to punish.”).

¶27        This constituted plain error in violation of Blakely. See People v. Elie, 148 P.3d 359, 365-66 (Colo. App. 2006) (holding that the trial court committed plain error in violation of Blakely by aggravating the defendant’s sentence for felony menacing based on the court’s own finding that the defendant shot the victim in the ankle with a gun).

V. Remedy for the Error

¶28        Defendant’s requested remedy for the error is that we remand the case for resentencing within the presumptive range. We deny that request because we decline to evaluate whether the district court at resentencing could constitutionally aggravate defendant’s sentence based on a Blakely-exempt fact. See People v. Isaacks, 133 P.3d 1190, 1196 (Colo. 2006) (stating general rule that “[t]he proper procedure for an appellate court to follow upon finding Blakely error is to remand the case to the trial court for resentencing within the presumptive range”); see also Villanueva, 199 P.3d at 1237-38 (holding that the rule from Isaacks does not apply if a court at resentencing could constitutionally aggravate the sentence based on a Blakely-exempt prior conviction); Elie, 148 P.3d at 367 (same).

VI. Conclusion

¶29        The sentence is vacated, and the case is remanded for resentencing consistent with the views expressed in this opinion. JUDGE DUNN and JUDGE BERGER concur.