23CA0680 Peo v Saenz 08-21-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0680
Arapahoe County District Court No. 19CR3596
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Jaden Lee Saenz,

Defendant-Appellant.

SENTENCE AFFIRMED

Division III
Opinion by JUDGE SCHOCK
Dunn and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

Philip J. Weiser, Attorney General, Emmy A. Langley, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Sean James Lacefield, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     Defendant, Jaden Lee Saenz, appeals his five-year sentence to the Department of Corrections (DOC), imposed after he was rejected from a community corrections program.  He argues that the district court erred by resentencing him without properly considering his request for an evidentiary hearing concerning the basis for his rejection under section 18-1.3-301(1)(e), C.R.S. 2024.  We affirm.

## I.     Background

¶ 2     Saenz pleaded guilty to robbery and third degree assault arising out of the shooting and robbery of a juvenile victim.  As part of the plea agreement, the prosecution agreed to dismiss several other charges, including two counts of attempted first degree murder.  The parties stipulated to a four-year probationary sentence for the robbery, consecutive to a ten-month jail sentence for the assault.  The district court imposed the stipulated sentence.

¶ 3     A little more than a year later, the probation department filed a complaint to revoke Saenz's probation based on four alleged probation violations.  Saenz again pleaded guilty and stipulated to a five-year sentence to community corrections.  The plea agreement specified that if Saenz was rejected from community corrections after acceptance, he would be sentenced to five years in the DOC.

¶ 4     The district court accepted the plea agreement and imposed the stipulated five-year community corrections sentence.  In doing so, the district court confirmed Saenz's understanding that "if you are accepted at community corrections, then you go into community corrections, and then you violate the rules of community corrections and they kick you out, then it's a five-year [DOC] sentence with 36 months of parole."  The court then advised Saenz about *how* he could be removed from community corrections:

> When I sentence people to community corrections, I like to tell them how they get kicked out of community corrections because I think that can be surprising.
>
> When you are on probation, you have a probation officer, you work with your probation officer.  And frequently, they give you some latitude, and you miss some [urinalyses (UAs)] and you miss that, you have a hot UA, and then you miss an appointment, and then they try and get you back on, and then they work with you.  And then sooner or later, they file a complaint and you come to court, and then you have a right to have a hearing about that.  And then your lawyer gets to negotiate about that hearing.
>
> None of those things happen with community corrections.  The due process that they owe you is to notify you why you're being kicked out.  That's it.  And then you get kicked out, and you go to prison.

Saenz confirmed that he understood.

¶ 5        Saenz was accepted into a community corrections program. But approximately eight months later, he was rejected from the program for various alleged rule violations, including multiple instances of substance use and unauthorized absences.

¶ 6        Saenz requested a hearing to contest the allegations in the notice of rejection under section 18-1.3-301(1)(g).  Noting that this subsection only addresses a new "sentencing hearing," the district court indicated that it did not believe Saenz had a right to a hearing to challenge the alleged violations.  But it nevertheless set a sentencing hearing thirty days out to allow Saenz to brief the issue.

¶ 7        In his brief, Saenz argued that he had a constitutional and statutory right to an evidentiary hearing on whether he committed the alleged violations of the community corrections rules.  He no longer argued that he was entitled to a hearing under section 18-1.3-301(1)(g).  Instead, relying largely on legislative history and the 2002 repeal of section 17-27-105, C.R.S. 2001 — which provided that a court may resentence an offender "without any further hearing" after rejection by a community corrections program, Ch. 318, sec. 3, § 18-1.3-301(1)(e), 2002 Colo. Sess. Laws 1386-87 —

Saenz argued that his right to an evidentiary hearing was implicit in section 17-27-104, C.R.S. 2024. He also argued that his "justifiable expectation" gave him a due process right to such a hearing.

¶ 8 At the outset of the resentencing hearing, however, the district court correctly pointed out that the language from section 17-27-105 that Saenz believed had been repealed had been relocated verbatim to section 18-1.3-301(1)(e). Like the prior statute, that statute provides:

> If an offender is rejected after acceptance by a community corrections board or a community corrections program, the court may resentence the offender without any further hearing so long as the offender's sentence does not exceed the sentence which was originally imposed upon the offender.

§ 18-1.3-301(1)(e). Acknowledging her oversight, defense counsel conceded that an evidentiary hearing was discretionary but maintained that Saenz had a right to *request* that hearing.

¶ 9 The court denied Saenz's request for an evidentiary hearing. It explained that the relevant statutory language — "dealing with whether the [c]ourt was required to hold a hearing on [c]ommunity [c]orrections rejection" — had not changed. It then concluded:

> The [c]ourt does not believe that [Saenz is] entitled to a hearing, whether it's a rejection after placement in [c]ommunity [c]orrections, and so the [c]ourt will not grant an evidentiary hearing on that in this matter.

¶ 10    The court then proceeded to resentencing. After hearing argument regarding time-served calculations, the court resentenced Saenz to five years in the DOC, consistent with the plea agreement.

## II.    Analysis

¶ 11    Contrary to his position in the district court, Saenz concedes on appeal that he was not *entitled* to a hearing concerning the basis for his rejection from the community corrections program. But he argues that the district court failed to exercise its discretion under section 18-1.3-301(1)(e) by denying his request for an evidentiary hearing solely because he was not entitled to one.[1] We disagree.

### A.    Applicable Law and Standard of Review

¶ 12    Section 18-1.3-301(1)(e) provides that when an offender is rejected from a community corrections program after acceptance, "the court may resentence the offender without any further hearing

---

[1] Saenz does not challenge the adequacy of the sentencing hearing under section 18-1.3-301(1)(g), C.R.S. 2024. Nor does he argue that he was entitled to an evidentiary hearing concerning his rejection from community corrections under that subsection.

5

so long as the offender's sentence does not exceed the sentence which was originally imposed." That means that the district court "has the power to omit a hearing . . . if the new sentence does not exceed the original sentence." *Romero v. People*, 179 P.3d 984, 987 (Colo. 2007). The decision whether to grant such a hearing lies within the district court's discretion. *People v. Abdul*, 935 P.2d 4, 10 (Colo. 1997); *see also People v. Herrera*, 2014 COA 20, ¶ 10.

¶ 13    We review the district court's denial of a discretionary hearing for an abuse of discretion. *See Herrera*, ¶ 16. A court abuses its discretion "when its decision is manifestly arbitrary, unreasonable, or unfair or when it fails to exercise its discretion due to its erroneous construction of the law." *Id.* (citation omitted).

### B.    Denial of Request for Hearing

¶ 14    We conclude that the district court did not abuse its discretion by declining to hold an evidentiary hearing concerning Saenz's rejection from community corrections before resentencing him.

¶ 15    As Saenz acknowledges, no such hearing was required under section 18-1.3-301(1)(e) because the court reimposed the same five-year sentence it had originally imposed — albeit, in the DOC rather than in community corrections. But Saenz's request for a hearing

6

was premised entirely on his now-abandoned position that he was entitled to a hearing as of right. Although he later acknowledged that such a hearing was "discretionary," he offered no basis for the exercise of that discretion beyond his original argument that a hearing was required.[2] Having rejected that argument, the district court said it would not grant an evidentiary hearing. Implicit in that ruling was a determination that no hearing was necessary.

¶ 16 That decision was within the district court's discretion. When an offender is rejected from a community corrections program, the district court cannot overturn that decision and order the offender to be returned to the same program. *See People v. Wilhite*, 817 P.2d 1017, 1022 (Colo. 1991); *People v. Akin*, 783 P.2d 267, 269 (Colo. 1989); *People v. Kitsmiller*, 74 P.3d 376, 379 (Colo. App. 2002); *see also Benz v. People*, 5 P.3d 311, 316 (Colo. 2000) (noting that statutes governing the administrative review process do not provide

---

[2] We disagree with the People that Saenz failed to preserve his argument. Although Saenz's primary argument in the district court was that he had a *right* to an evidentiary hearing, his backup argument that a hearing was "discretionary" was sufficient to alert the court that it had discretion to hold a hearing. *See People v. Cooley*, 2020 COA 101, ¶ 24 ("Raising the 'sum and substance' of an argument is sufficient to preserve it.") (citation omitted).

"any authority in the court to re-commit to community corrections an offender rejected therefrom"). Rather, the purpose of an evidentiary hearing is "to assist the sentencing court in deciding where next to place the offender." *Wilhite*, 817 P.2d at 1022.

¶ 17    But Saenz had already stipulated, with court approval, to the resolution of that issue. Saenz's plea agreement provided that if he was rejected from community corrections after acceptance, he would be sentenced to five years in the DOC. And at the prior sentencing hearing a year earlier, the district court had determined that was an appropriate outcome. At that hearing, the court told Saenz that if he was removed from community corrections for violating the rules, "then it's a five-year [DOC] sentence." The court also advised Saenz that the only "due process that [community corrections] owes you is to notify you why you're being kicked out. . . . And then you get kicked out, and you go to prison."

¶ 18    Having already advised Saenz what his sentence would be if he were rejected from community corrections, the court reasonably determined that it did not need any further assistance in making that decision. *See id.* at 1022. Indeed, only one year removed from the prior sentencing hearing and with the court "fully apprised of its

8

remaining sentencing options," a further hearing likely would have been largely duplicative. *Id.* at 1022-23. As long as the court did not impose a sentence that exceeded the original one, it could do so without a hearing. *See* § 18-1.3-301(1)(e); *cf. Kitsmiller,* 74 P.3d at 379 (holding that no new findings are required "[w]hen the original sentence is not changed and the defendant is given full credit for the time served in community corrections . . . because evidence of the court's rationale already exists on the record").

¶ 19    We are not persuaded by Saenz's argument that the district court failed to exercise its discretion. Although the court tied its denial of the hearing to its conclusion that Saenz was not entitled to one, nothing in the record suggests that the court was unaware that it could hold a hearing if it believed one was warranted. *See Herrera,* ¶ 18 (holding that district court did not abuse its discretion by converting a community corrections sentence to a DOC sentence without a hearing where record did not support the defendant's assertion that the court did not know it could hold a hearing). Nor does the record support Saenz's contention that the district court denied a hearing *only* because one was not required.

The court simply recognized that a hearing was not required and, accordingly, concluded there was no reason to hold one.

## III. Disposition

¶ 20 The sentence is affirmed.

JUDGE DUNN and JUDGE TAUBMAN concur.